LORRETA KIELY *vs.* DANIEL RAGALI, JR., ET AL.

Third Judicial District, New Haven, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

The failure of the driver of an automobile to have his license card with him when a collision occurs on the highway, may subject him to the penalty of having his license suspended, as provided in § 1554 of the General Statutes; but it does not render such driver an "unlicensed person" under § 1565, nor preclude the owner of the car from recovering damages from the party whose negligence caused the injury.

The Motor Vehicle Act, § 1527(a), relieves dealers from the necessity of carrying their certificates of registration upon their duly-registered automobiles; and therefore the purchaser of a dealer's car—who is protected by the dealer's registration and number-plates for a period of not more than five days next after the purchase (§ 1527a)—is also relieved from that obligation.

Failure to direct a verdict is not a ground of error, the remedy being by motion for a new trial for a verdict against evidence.

Evidence of the cost of repairing an automobile injured by a collision, is admissible as tending to prove the difference between its value before and after the injury, and thus to measure the amount of damages recoverable by the plaintiff on that account.

Argued January 21st—decided May 2d, 1919.

ACTION to recover damages for injury to the plaintiff's automobile through the alleged negligence of the defendants, brought to the Court of Common Pleas in

Fairfield County and tried to the jury before *Walsh, J.;* verdict and judgment for the plaintiff for $139, and appeal by the defendants. *No error.*

The plaintiff introduced evidence tending to prove these facts: On August 2d, 1917, when the accident occurred, the plaintiff was the owner of an automobile which on July 31st, 1917, had been purchased from the Blue Ribbon Garage, a duly-licensed dealer and manufacturer of the city of Bridgeport. The automobile at the time of the accident was in the exclusive control and custody, of the Blue Ribbon Garage. When the accident took place the plaintiff had applied for the registration of this automobile in her name. This was issued to her the day after the accident happened. At this time the automobile bore the numbers and nameplate of the Blue Ribbon Garage, issued by the Commissioner of Motor Vehicles. It was conceded that the automobile of the plaintiff at the time of the collision was operated by one Edward J. Kiely, father of the plaintiff, a person more than sixteen years of age, and that Kiely had not, at that time, obtained from the Commissioner of Motor Vehicles a license to operate a motor vehicle upon the public highways of the State; that at the time of the collision, Kiely, operating the automobile of the plaintiff, was accompanied by one Emil Engleman, an employee of the Blue Ribbon Garage, who had been licensed previously to operate a motor vehicle upon the highways of the State, and that Engleman at this time did not have with him his license card issued to him by the Commissioner of Motor Vehicles.

In the complaint negligence was alleged, among other things, in driving the automobile at a dangerous and unlawful rate of speed, without regard for the safety and rights of others lawfully using the highway; in not having the automobile equipped with proper appli-

ances for stopping; and in not giving the plaintiff the right of way when she was approaching an intersecting street on the defendants' right-hand side of the roadway, as required by the Public Acts of 1917.

These allegations were denied, and the defendants in their answer and in the second defense also, averred that the motor vehicle which was alleged to have been injured by the negligence of the defendants, was not, at the time of the injury claimed, operated in accordance with the statutes of the State of Connecticut, nor was it then registered in accordance with the statutes regarding the registration, numbering, use, licensing and speed of motor vehicles; and that it was not operated by a person legally authorized or licensed to operate a motor vehicle upon the highways of Connecticut.

Section 1565 of the General Statutes, on which defendants rely, is as follows: "No recovery shall be had in the courts of this state by the owner of a motor vehicle which has not been legally registered in accordance with sections 1524, 1525, 1526, 1527 or 1528, for injury to person or property received by reason of the operation of such motor vehicle upon any public highway, unless such motor vehicle is the property of a nonresident and is within the provisions of section 1537; nor shall such recovery be had if said motor vehicle be legally registered but was being operated by an unlicensed person in violation of any provision of sections 1530, 1531 or 1532." Section 1552, relating to the construction of the Motor Vehicle Law, provides that "this chapter shall be construed with reason and in a manner to cause no undue hardship to any person who is not wilfully or knowingly guilty of a violation thereof."

The reasons of appeal assign error in failing to direct a verdict for the defendants, in the refusal of the court to charge as requested, and in the charge as given.

*Robert H. Gould,* for the appellants (defendants).

*Frank L. Wilder,* for the appellee (plaintiff).

RORABACK, J. One assignment of error submits the proposition that because it appears that Engleman, the operator of the car, did not have his license card with him when the accident occurred, there could be no recovery by the plaintiff. Upon this branch of the case the jury were instructed as follows: "The defendants further claim that because it is admitted that the chauffeur, while a licensed driver, did not have his license with him at the time of the collision, the plaintiff is prevented from a recovery in this case. I instruct you that that is not the law. If you find the facts to be as claimed by the plaintiff's witnesses, to wit, that the chauffeur was a licensed driver and that he was called away suddenly from his work upon some other car to take out this agent of the plaintiff to instruct him in the operation of this car, then temporarily in the custody of the garage, his employer, the fact that he forgot to take his license with him does not of itself prevent a recovery in this case." This instruction was correct. Subsection "(c)" of § 1532 of the General Statutes, provides that the operator's license shall be carried by the licensee and shall be subject to examination upon demand by any proper officer. But if an operator has fully complied with the law and obtained a valid and subsisting license, he does not become an "unlicensed person" within the meaning of § 1565, merely by omitting to carry it on his person. The penalty for failing to carry a license is fixed by § 1554, which provides for a suspension of the license for not more than thirty days for a first violation, and not less than thirty nor more than sixty days for a third or subsequent violation.

The defendants also claimed that the court below erred in not holding that the plaintiff could not recover because it appeared that no registration certificate was carried on her automobile the day it was injured. Upon this point the jury were properly instructed as follows: "You have the uncontradicted testimony that it had the dealer's evidence of its registration, to wit, his numbers, upon the car. . . . If it was so registered, was it then being used by the chauffeur, who was an employee of the dealer; for a purpose incidental to the legitimate business of the Blue Ribbon Garage, in instructing this purchaser's agent to operate that car? If you do so find, then I charge you that the law does not require that he should have had the registration card of the dealer in the car at that time in order that the plaintiff may recover. You can see readily the reason for that, because a dealer might have a dozen or fifty cars for those five days in his possession, and he gets a general registration card which permits him, during that limited period, to put his dealer's mark or numbers upon the car, and it would be physically impossible to put that registration card, which consisted of one piece of paper for all those cars, in each car." The Motor Vehicle Act (General Statutes, § 1527), provides, among other things, that "manufacturers, dealers and repairers shall not be required to carry their certificates upon the motor vehicles registered under the provisions of this section."

The failure of the trial court to direct a verdict is not in this State assignable error. See *Lines Co.* v. *Hartford City Gas Light Co.*, 89 Conn. 117, 125, 93 Atl. 129, where the subject is fully considered, and the fact pointed out that the party aggrieved by such failure has his remedy by motion for a new trial on the ground that the verdict is against the evidence.

It appears that the only evidence offered as to the plaintiff's claim for damages was the bills that she was obliged to pay for the repairs of her car, which amounted to $139.80. The defendants contend that the court did not, "as was its duty, charge the jury that they could render no verdict assessing damages for the plaintiff since no evidence, necessary for them to calculate the measure of damages, had been submitted." The only recovery sought by the complaint was for damages to the plaintiff's automobile. It is not claimed by the defendants that these expenses were unreasonably incurred in an endeavor to repair the damages which the plaintiff had sustained by the collision with the defendants' automobile. Evidence of the cost of repairs of the automobile was admissible as proof of the difference between the value of the automobile before the accident and after it occurred. This difference was the measure of damages that the plaintiff was entitled to recover.

There is no error.

In this opinion the other judges concurred.