GEORGE W. GASS, Respondent, v. AGATE ICE CREAM, INC., Appellant, Impleaded with Another.

(Argued March 21, 1934; decided April 17, 1934.)

*Nicholas J. Weldgen* for appellant. The ordinary measure of damages in tort actions, for unlawful injury to property, is the depreciation in value caused by the unlawful act. (*Losei Realty Corp. v. City of New York*, 254 N. Y. 41; *Reis v. Long Island R. R. Co.*, 88 App. Div. 611; *Hoffman v. Third Ave. Ry.*, 157 N. Y. Supp. 877; *Colonial Motor Coach Corp. v. N. Y. C. R. R. Co.*, 131 Misc. Rep. 891; *Howe v. Johnston*, 220 App. Div. 170; *Marcus v. Stein*, 84 N. Y. Supp. 970; *Miller v. Levy*, 104 N. Y. Supp. 368; *Dillon v. Mundet*, 145 N. Y. Supp. 975.) The plaintiff did not show that the value of repairs did not exceed the value of the property at the time of the injury. (*Hartshorn v. Chaddock*, 135 N. Y. 116; *Cashin v. City of New Rochelle*, 256 N. Y. 190; *Riley v. Continuous Rail Joint Co.*, 110 App. Div. 787; 193 N. Y. 643; *Brooklyn Trust Co. v. City of New York*, 109 Misc. Rep. 593; *Hamilton Bldg. Co. v. Rapid Transit Subway Constr. Co.*, 190 App. Div. 363; *Mencaccy v. Studebaker Corp.*, 202 N. Y. Supp. 718; *Moore v. Metropolitan St. Ry.*, 84 App. Div. 613; *Susswein v. Bradley Cont. Co.*, 184 App. Div. 852; *Southern Ry. v. Kentucky Grocery Co.*, 166 Ky. 94.)

*Judson B. Glen* for respondent. The estimated cost of repairs is the proper measure of damages. (*Howe v. Johnston*, 220 App. Div. 170; *Patane v. State*, 114 Misc. Rep. 713; *Weiner v. Liberty Bell Ins. Co.*, 137 Misc. Rep. 43; *Lafayette v. Gaffney*, 47 Hun, 583; *Brooklyn Heights R. R. Co. v. Brooklyn City R. R. Co.*, 124 App. Div. 896; *People ex rel. Third Ave. R. R. Co. v. Tax Comrs.*, 212 N. Y. 472; *Tubiola v. Baker*, 225 App. Div. 420; *Adirondack Power & Light Corp. v. Evans*, 226 App. Div. 490; *Matter of City of Rochester* [*Smith St. Bridge*], 234 App. Div. 583; *Goodovitch v. Reiss*, 129 Misc. Rep. 152.)

POUND, Ch. J.   The action was brought to recover for damage to plaintiff's automobile caused by defendants' negligence.   The jury rendered a verdict in plaintiff's favor for $224.   The only question here involved is the proper measure of damage to be applied in this case. We concern ourselves with no other question.

The accident happened in 1932.   Plaintiff's car was a Velie of the year 1925.   At the time of the trial the company which manufactured the car had gone out of business.   The only evidence of damages offered by the plaintiff consisted of the estimated reasonable cost of repairs.   This was objected to as not the proper rule of damages and because it was not shown that the repairs had actually been made.   The plaintiff's proof showed that such estimated cost would be $224, which was the amount of the jury's verdict.   On behalf of the defendant an expert testified that the market value of the car just before the accident was only $100.   The jury was not bound to believe the evidence of the appellant's expert, but no other evidence of value was produced.   The amount of the verdict exceeded the value of the car so far as shown by $124.   The anomaly is thus presented of a recovery for the estimated cost of repairs in excess of the amount of a recovery in case of a total loss.   A rule of damages which produces such a result is obviously unfair.

The damages sustained by an automobile in a collision may be established by showing the reasonable cost of the repairs necessary to restore it to its former condition, although the general rule is that the measure of damages to personal property is the difference between its market value immediately before and immediately after the injury.   This rule is subject to the limitation, *first*, that the cost of repairs must be less than the diminution in market value due to the injury, and *secondly*, that the repairs must never exceed the value of the automobile itself as it was before the injury.   The plaintiff should not

benefit by the loss. (*Hartshorn* v. *Chaddock*, 135 N. Y. 116; *Hintz* v. *Roberts*, 98 N. J. L. 768; *Miller* v. *Pathe Freres*, 81 N. J. L. 341; *Coffin* v. *Laskau*, 89 Conn. 325, 330; *Southern Ry. in Kentucky* v. *Kentucky Grocery Co.*, 166 Ky. 94; *Robson* v. *Zumstein Taxicab Co.*, 198 Ky. 365; *Bader* v. *Marlin*, 160 Wash. 460; 78 A. L. R. 914.) Where the automobile is totally destroyed the measure of damages is its reasonable market value immediately before destruction. There can be no recovery beyond such value for mere repairs.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.