The Wooster Feed Mfg. Co., Appellee, *v.* Village of Tallmadge, Appellant.

(No. 3934—Decided June 21, 1948.)

*Messrs. Troutman & Taggart, Mr. John E. Cox* and *Mr. Evan J. Reed,* for appellee.

*Mr. Scott A. Belden,* village solicitor, for appellant.

Doyle, P. J. The money judgment for the plaintiff from which this appeal is taken, is based upon claimed damage to a truck occasioned by its being overturned as a proximate result of the existence of a nuisance in a street in the village of Tallmadge.

The liability of the village for damages was based upon Section 3714, General Code, which in part is as follows:

"The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

The evidence, we conclude, was sufficient to carry the case to the jury, and the instructions of the court on the question of the village's liability for the accident, we find, were adequate and proper.

The error strenuously urged and for which a reversal is sought, is stated by the appellant (village of Tallmadge) in the following language:

"Is a jury issue presented as to damages to a truck where, at the conclusion of the plaintiff's case, defendant has moved for a directed verdict and the record shows that no evidence has been offered as to the fair and reasonable value of the truck either before or after the accident?"

The only evidence offered and received was the fair and reasonable value of the labor and parts necessary for repairs; which labor and parts, in so far as the record shows, were necessary to mend the injury to the frame, axle, body, fenders, and windows. There is no specific evidence showing the fair and reasonable market value of the truck before and after the accident, nor is there any evidence specifically showing whether the reasonable market value of the truck after the repairs was greater or less than its value prior to the damage.

Under these facts, was the verdict of the jury, and the judgment rendered thereon, in the amount of $410 (the reasonable cost of labor and parts), justified under the law?

■ It is fundamental that the owner of personal property damaged by the tort of another is entitled to reasonable compensation for the loss sustained.

There is not, however, unanimity of opinion among the courts of this state or nation on the method of making this calculation. There are authorities which permit calculation on the basis of the difference between the value before the injury and the value after the accident. Other authorities take the view that the damages are the reasonable value of the repairs made necessary by the injuries. Then there are numerous authorities allowing both methods or modifications of them, depending upon the facts peculiar to the particular case under consideration.

See: 13 Ohio Jurisprudence, Damages, Sections 62 and 64, and cases cited therein; 17-18 Huddy, Encyclopedia of Automobile Law, Section 249 *et seq.*, and cases cited; 25 Corpus Juris Secundum, Damages, Section 157; 5 American Jurisprudence, Automobiles, Section 745 *et seq.*

In examining many of the cases treating this subject, we are of the opinion that the rule pronounced by former Chief Justice Pound, of the Court of Appeals in New York, in *Gass* v. *Agate Ice Cream, Inc.,* 264 N. Y., 141, 143, 190 N. E., 323, 324, is a proper one, and should be specifically incorporated into the law of this state. The opinion states the rule:

"The damages sustained by an automobile in a collision may be established by showing the reasonable cost of the repairs necessary to restore it to its former condition, although the general rule is that the measure of damages to personal property is the difference between its market value immediately before and immediately after the injury. This rule is subject to the limitation, *first,* that the cost of repairs must be less than the diminution in market value due to the injury, and, *secondly,* that the repairs must never exceed the value of the automobile itself as it was before the in-

jury. The plaintiff should not benefit by the loss. [Cases cited.] Where the automobile is totally destroyed the measure of damages is its reasonable market value immediately before destruction. There can be no recovery beyond such value for mere repairs.'' (Cited and recognized as authority by Hand, Circuit Judge, in *O'Brien Bros., Inc.,* v. *Helen B. Moran,* 160 F. [2d], 502, 505 [1947].)

It may be said that in the case under consideration there was no specific evidence offered by either party in respect to the effect of the injury upon the market value of the car, and that we cannot know whether the diminution in value due to the accident was more or less than the reasonable cost of the restoration. The evidence, however, and the reasonable inferences to be drawn therefrom, did show the extent of the necessary repairs and their reasonable cost. Such evidence may be regarded as prima facie proof of the extent of the damage, and, in the absence of other evidence reasonably tending to prove that the cost of repairs exceeded the diminution in market value due to the injury, or that the cost of repairs exceeded the value of the vehicle as it was before the injury, it was sufficient to sustain a judgment in an amount equal to the reasonable cost of the repairs.

*Judgment affirmed.*

STEVENS and HUNSICKER, JJ., concur.