Weygandt, C. J.
The insurance company is a party plaintiff by virtue of the fact that Falter was the holder of its policy of collision insurance for any damage in excess of $100, and such excess has been paid.
The sole issue before this court involves a procedural question of pleading.
The plaintiffs’ petition contains an allegation that “the reasonable cost of the labor and material necessary to repair said automobile was the, sum of one hundred seventy-eight and 74/100 dollars ($178.74) which amount also represents the depreciation in the reasonable value of said automobile as a result of said collision.”
The defendants filed a motion to strike this allegation from the petition “for the reason that said allegation is immaterial and irrelevant.”
The motion was overruled. The defendants filed no answer or demurrer, and a judgment was then rendered against them.
Was the trial court in error in overruling the defendants’ motion to strike the quoted language?
It is the contention of the defendants that the plaintiffs should not have pleaded the cost of repairs but should have alleged “the difference in the reasonable market value of the motor vehicle immediately before the actionable collision and the reasonable market value of said motor vehicle immediately after said collision.”
Counsel agree that, under the general rule in such cases, *240 the measure of damages is the difference in the market value of the automobile in its condition immediately before and immediately after the collision.
However, the defendants insist that the plaintiffs are seeking to recover the cost of repairs “regardless of the value of the motor vehicle before the collision.” That this contention of the defendants is incorrect is shown by the very language they want stricken. It is true that the plaintiffs do plead the reasonable cost of repairs, but in the same sentence they further jallege, “which amount also represents the depreciation in the reasonable value of said automobile as a result of said collision.” (Italics supplied.) Hence, under the defendants’ owm theory, with part of the language proper and part of it allegedly improper, the trial court had no alternative but to overrule the defendants’ motion to strike the entire sentence.
But was it erroneous for the plaintiffs to plead the reasonable cost of repairs? This court is of the opinion that it was not. Of course it was not necessary to do so since it would have been sufficient for the plaintiffs to allege the difference in the market value before and after the collision. But it clearly was proper for the plaintiffs to allege, prove and recover the reasonable cost of repairs, provided that such cost did not exceed the difference in market value before and after the collision.
In the opinion in the case of Gass v. Agate Ice Cream, Inc., 264 N. Y., 141, 190 N. E., 323, appears the following clear statement on the general subject:
“The damages sustained by an automobile in a collision may be established by showing the reasonable cost of the repairs necessary to restore it to its former condition, although the general rule is that the measure of damages to personal property is the difference between its market value immediately before and immediately after the injury. This rule is subject to the limitation * * * that the cost of repairs must be less than the diminution in market value due to the injury * * *. The plaintiff should not benefit by the loss. * * * Where the automobile is totally destroyed the measure of damages is its reasonable market value immediately before destruction. There can be no recovery beyond such value for mere repairs.”
*241 Hence, the lower courts were not in error, and the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Taft, Matthias, Bell and Herbert, JJ., concur.
Peck, J., not participating.