340 P.2d 1000

**Michael MIKOL, Appellant,**

**v.**

**Xen VLAHOPOULOS and Evelyn Vlahopoulos, his wife, Appellees.**

**No. 6458.**

Supreme Court of Arizona.

June 18, 1959.

Gust, Rosenfeld, Divelbess & Robinette and Frank E. Flynn, Phoenix, for appellant.

Charles Christakis, Phoenix, for appellees.

JOHNSON, Justice.

Appellant, Michael Mikol, hereinafter referred to as defendant, was the owner and developer of a subdivision in the Payson area known as Kohl's Tonto Creek Ranch. He sold a lot to appellees, hereinafter referred to as plaintiffs, for their use as a summer homesite. This lot had not been marked on the formal plat, but lay directly above one of the most northern marked lots. It measured 120 feet from north to south, and 60 feet from east to west, with the western boundary along Tonto Creek and the eastern boundary along a narrow road running south through the subdivision.

Defendant contracted with the Mark Cockrill Construction Co., a co-defendant, to install the tract's water mains. Following the plans of defendant Mikol's engineer, who apparently had no knowledge of the sale, its men bulldozed a right-of-way for the ditchdigging machine across plaintiffs' lot from west to east and thence down the road. Believing plaintiffs' lot to be the property of defendant Mikol, and not for sale as a part of the tract, the construction workers also pushed large quantities of rocks and earth from the road, which was necessarily widened in making way for the ditchdigger, down an incline and onto plaintiffs' lot.

Plaintiffs had previously cleared a cabin site on their lot in a spot where there were no trees, intending to retain the natural shrubbery and trees for shade. The bulldozer, in crossing the lot, uprooted the small and large trees in its way, as well as greatly changing the contour of the land itself by grooving its previously sloped surface and depositing earth and rock along its path.

Plaintiffs brought suit against defendant Mikol for trespass to real property, joining the construction company and one of its workers as co-defendants. The latter two defendants cross-complained against Mikol, and later obtained a stipulation of his liability to them in the event of an adverse judgment.

At the conclusion of all the evidence the court granted plaintiffs' motion to instruct a verdict against all the defendants on the question of liability, and the only issue submitted to the jury was the amount of dam-

ages. This was not assigned as error. Both plaintiffs and defendants had given evidence as to the market value of the land immediately before and immediately after defendants' trespass. The jury was instructed that if they should find actual injury the measure of damages would be the difference in the market value of the realty before and after the injury. The jury returned a verdict in the amount of $600.

Defendant Mikol now appeals, contending that the proper measure of damages was the cost of restoration of the property to its condition before the trespass, and that since there was no evidence of such cost the trial court erred in submitting the case to the jury.

■ Generally, the measure of damages for a permanent injury to land, that is, an injury which will remain even though the cause has been abated, is the difference in the market value of the land immediately before and immediately after the injury. Barnes v. Arkansas-Missouri Power Co., 220 Mo.App. 141, 281 S.W. 93; Hancock v. George R. Curtis Paving Co., 114 Cal. App. 624, 300 P. 65; Hanns v. Friedly, 181 Or. 631, 184 P.2d 855. If the land may be put back in its original condition, the cost of restoration may be used as the measure of damages, if it does not exceed the diminution in the market value of the land. Hartshorn v. Chaddock, 135 N.Y. 116, 31 N.E.

997, 17 L.R.A. 426; Belkus v. City of Brockton, 282 Mass. 285, 184 N.E. 812.

Here, the shade trees and native shrubbery destroyed by the trespass could not be replaced, but the damage to the contour of the land could perhaps have been remedied.

■ However, where these two measures of damage are possible, and the plaintiff gives evidence as to one of them, it is up to the defendant, who has the burden of showing a reduction in damages, to show that the other measure would be less. Hartshorn v. Chaddock, supra; Perkins v. Blauth, 163 Cal. 782, 127 P. 50; Herzog v. Grosso, 41 Cal.2d 219, 259 P.2d 429; Langley v. Deshazer, 78 Idaho 376, 304 P.2d 1104; see 15 Am.Jur., Damages, § 331.

■ Defendant therefore cannot complain that plaintiffs established only the decrease in the value of the land as their damages. Defendants had the right to show, if they could, that a different measure would be less as to all or part of the damage, but they failed to do so. Under these circumstances, the trial court's instruction on the measure of damages was correct.

The judgment of the trial court is affirmed.

PHELPS, C. J., and STRUCKMEYER, UDALL, and BERNSTEIN, JJ., concur.