Coos,
No. 5338.

### Rosaire Couture *v.* Gilles Marquis & *a.*

Argued January 4, 1966.
Decided February 28, 1966.

*Frederick J. Harrigan* and *Jacques Dansereau* ( of the Province of Quebec, Canada ) ( *Mr. Harrigan* orally ), for the plaintiff.

*John E. Gormley* ( by brief and orally ), for the defendants.

DUNCAN, J. This is an action of case to recover for damages to the plaintiff's automobile as a result of a collision which occurred at about 11:15 P. M. on October 8, 1960 in Magog, P. Q., Canada. The defendant Leon Marquis filed a counterclaim for damages to his automobile, which was being operated by the named defendant at the time of collision.

Trial by the Court (*Leahy*, C. J.). Verdict for the plaintiff in the sum of $1,097.90. The counterclaim of the defendant Leon Marquis was disallowed. In the course of the trial the defendants excepted to certain evidentiary rulings, to the denial of their motions for nonsuit and directed verdict, and to the findings and verdict of the Court. All questions of law presented by these exceptions were reserved and transferred by the Presiding Justice.

The collision occurred when the named defendant crossed from the westbound lanes of a four-lane highway to enter the eastbound lanes on the opposite side of a dividing median. The right front of the plaintiff's eastbound automobile, collided with the left rear of the defendant's automobile causing damage to both.

In support of their motion for a nonsuit and a directed verdict, the defendants contend that the plaintiff presented no competent evidence of the damage occasioned to his automobile upon which a verdict could properly be founded. Subject to exception, the plaintiff testified that the total cost of repairing his vehicle was $1,097.90, which he paid to the Mercier Garage in Sherbrooke. A cancelled check of a Canadian insurance company for $992.45 payable to the plaintiff and the garage, and endorsed by both was received in evidence subject to the defendants' exception. The plaintiff testified that he gave the check to the garage, together with $105.45 in cash, in payment of the repair bill. There was no testimony that these charges were reasonable, and a written estimate of the cost of repair made by a witness not available at the trial was excluded upon objection.

The rule of damages applicable in this jurisdiction in case of property damage received extensive consideration in *Copadis* v. *Haymond*, 94 N. H. 103, where Restatement, Torts, *s.* 928 was quoted at length. In that case there was evidence that the difference in the value of the vehicle before and after the accident was $500, that the cost of repairs which did not restore the vehicle to its former condition was $368, and that the plaintiff had paid $90 for rental of another vehicle pending the repairs. Upon this

evidence a verdict of $590 was held not to be excessive. "As elements of damage, it was proper to introduce evidence of the reasonable cost of the repairs ( *Smith* v. *Turner,* 92 N. H. 49 ) and the loss of use." *Copadis* v. *Haymond, supra,* 106.

In the case at bar, the plaintiff testified to the nature of the damage to his vehicle, and photographs were received in evidence, showing the condition of the right front of the vehicle before repair. However, defendants contend that in the absence of testimony that the cost of repair was reasonable, the evidence of cost should have been excluded and their motions granted.

We consider that the rule is otherwise. In *Cail* v. *Maciolek,* 96 N. H. 445, the issue was whether the testimony of the plaintiff as to what he paid for repairs was admissible, and if so sufficient to sustain the verdict. At the trial the defense was that the bill was unreasonable, and the plaintiff's testimony was objected to upon the ground that he was not shown to be qualified as an auto repair man. See 553 Briefs & Cases 163 *et seq.* This court said: "The fair inference to be drawn from the uncontradicted testimony of the plaintiff was that these repairs were made necessary by the accident and that he considered them reasonable in amount. In similar situations other courts have held such evidence admissible and sufficient to sustain a verdict." *Ib.,* 446.

This decision is consistent with what is understood to be the weight of authority, namely that the cost of repair is competent evidence of damage, and that in the absence of evidence that the cost is unreasonable, is sufficient to support a verdict. Thus in *Kiely* v. *Ragali,* 93 Conn. 454, 459, where the only evidence of damage consisted of the repair bills, the court said: "Evidence of the cost of repairs of the automobile was admissible as proof of the difference between the value of the automobile before the accident and after it occurred. This difference was the measure of damages that the plaintiff was entitled to recover." See also, *Guaranty Co.* v. *Motor Express,* 220 N. C. 721; *Roth* v. *Fleck,* 242 Ill. App. 396; *Taylor* v. *King,* ( Md. ) 213 A. 2d 504 ( 215 A. 2d-No. 1 Jan. 22, 1966, Appendix ); Annot. 169 A. L. R. 1074, 1084. *Cf.* Annot. 82 A. L. R. 1325.

The exceptions to the evidence of payment of the cost of repairs are overruled.

The defendants further argue that their motions should have been granted because upon all the evidence it appeared that it

was a physical impossibility for the accident to have happened as the plaintiff said it did, and that the plaintiff was negligent as a matter of law in failing to pass the defendant's automobile in safety.

The defendant Gilles Marquis testified that upon entering the cross-over he stopped, saw the plaintiff's vehicle approaching some distance away on his right, crossed into the righthand eastbound lane, and was struck after he had accelerated to 35 miles an hour, and reached a point at least seventy-five feet east of the cross-over. The plaintiff testified that he was traveling in the southerly lane at a speed of forty to fifty miles an hour; that the defendant entered the eastbound lanes at a speed of ten to fifteen miles an hour, without first stopping in the cross-over; that when the collision occurred the plaintiff had reduced his speed to twenty-five miles an hour and the defendant's automobile was "slantwise" across the white line dividing the two eastbound lanes; and that after the collision, it came to a stop in the righthand lane, two car lengths behind where the plaintiff's automobile was stopped on the grass median, some two hundred feet or more east of the cross-over.

Relying upon the plaintiff's testimony that his vehicle stopped two to three hundred feet beyond the cross-over and that the defendant's automobile traveled only twenty-five to thirty feet after the collision, and stopped two car lengths behind the plaintiff's, the defendants argue that the collision could not have occurred as the plaintiff claimed it did, but must have taken place at least 134 feet east of the cross-over and while the defendant was wholly in the righthand lane.

This contention places more weight than the circumstances warrant upon the plaintiff's estimates as to how far the automobiles traveled after the collision. It could be found that the plaintiff was in no position to make such observations with accuracy, since his "hood lifted off" to hide his view when the collision occurred. The defendant himself testified that he traveled "the distance of five or six cars" after the collision, and that the plaintiff stopped "about four automobiles in front of me."

In passing upon the defendant's motions, the evidence is to be construed most favorably to the plaintiff. A review of the testimony demonstrates that the verdict was fully warranted by the evidence, taking into account the Court's duty as trier of the facts to weigh the testimony, and to accept such portions of it

as were found to be credible and reject those which were not. *LePage* v. *Company,* 97 N. H. 46, 49; *Wujnovich* v. *Colcord,* 105 N. H. 451, 454. Accordingly the exceptions to denial of the motions are overruled and the order is

*Judgment on the verdict.*

All concurred.