**Charlene Smith, Plaintiff-Appellant, v. Champaign-Urbana City Lines, Inc., Defendant-Appellee.**

**Gen. No. 11,081.**

Fourth District.

November 6, 1969.

Noel, Middleton & Craver, of Urbana (Kenneth Baughman, of counsel), for appellant.

Hayes & Moore, of Champaign (Robert P. Moore, of counsel), for appellee.

CRAVEN, J., delivered the opinion of the court.

This appeal from a judgment entered for defendant upon a directed verdict in a small-claims action before a magistrate, arising out of property damage to an automobile, raises two questions as to evidence. First, what evidence is required to raise the presumption that paid auto repair bills are reasonable and necessary expenses for repairs? Second, whether the formal rules of evidence apply to a suit filed as a small claim under Illinois Supreme Court Rule 282.

Plaintiff sued in a small-claims action for property damage to her automobile allegedly caused by the negligence of defendant's employee. At the trial plaintiff offered evidence of a bookkeeper at the garage where her car was repaired. The bookkeeper testified that she had a repair bill which her books showed paid.

Plaintiff's Exhibit No. 2 was offered as the repair bill and Plaintiff's Exhibit No. 4 as a ledger sheet. The bookkeeper testified that Plaintiff's Exhibit No. 2 was the repair bill for plaintiff's car, and that she had made the entries on the ledger sheet (Plaintiff's Exhibit No. 4).

Defendant objected to the admission of Plaintiff's Exhibit No. 2 since the witness could not identify all of the entries on the bill, since no repair estimate accompanied the exhibit, since the exhibit contained the writing "100 Ded. Chicago Mtr. Club," and the exhibit showed replacement of the right rear axle although plaintiff had not testified to any damage to the right side of her car.

Defendant also objected to the admission of Plaintiff's Exhibit No. 4 because the bookkeeper could not identify and itemize all of the items there listed and because the exhibit did not itemize the parts or labor, but contained only invoice numbers and prices.

The trial court sustained the objections to Plaintiff's Exhibits No. 2 and No. 4, and granted a motion for directed verdict for defendant for want of proof of damages.

■ It has been the long-followed rule in Illinois that a paid automobile repair bill is admissible in evidence without other foundation as prima facie evidence of the necessity and reasonableness of such repairs. Byalos v. Matheson, 328 Ill 269, 159 NE 242 (1927); Finch v. Carlton, 249 Ill App 15 (1928); Singer v. Cross, 257 Ill App 41 (1930); Schmidt v. Sinclair, 342 Ill App 484, 97 NE2d 129 (1st Dist 1951).

■ It will be noted that Plaintiff's Exhibit No. 4 (the ledger sheet) was shown to be an original entry made by the bookkeeper in the regular course of business. Under such foundation proof, this exhibit clearly was admissible.

No doubt the rule of prima facie proof was developed to obviate the necessity of producing at a trial the garage

repairman unless some evidence is introduced that the bill is faulty. It is a reasonable rule, eliminating unnecessary cost to parties and inconvenience to the public, and can be overcome by proper proof in those few cases where the bill is not correct in one or more aspects.

■ The objection to the item on the exhibit of the right rear axle could have been obviated by striking this item from the bill and subtracting its price from the total paid bill, if the court deemed this appropriate under any evidence produced. Further, the item as to insurance also could have been stricken or deleted, but we fail to see in it any prejudice to defendant.

■ As to the contention that the rules of evidence do not apply in a suit filed under the Small Claims Rules, we do not agree. A suit under the Small Claims Rules is filed in the circuit court. It is a proceeding in a court of record. Illinois Supreme Court Rules 281–288, inclusive (Ill Rev Stats 1967, c 110A, §§ 281–288, inclusive), provide for small-claims actions. These Rules liberalize the pleading and procedural requirements and make special provision for service of process. They also provide that no depositions or interrogatories, or other discovery procedure, shall be used except by leave of court. However, these Rules make no changes in the rules of evidence. We find no basis to hold, under the present Illinois law, that the rules of evidence applicable to a claim filed as a small claim are any different than in any other type of claim or suit.

The trial court, therefore, erred in directing a verdict for defendant for want of proof of damages.

Reversed and remanded for new trial.

TRAPP, P. J. and SMITH, J., concur.