**Robert KOSTUCK, Appellant–Defendant,**

v.

**VINCENT D. and Barbara L. Brown, Appellees–Plaintiffs.**

No. 74A01–9706–CV–168.

Court of Appeals of Indiana.

Sept. 5, 1997.

Jon A. Dartt, Dartt & Dartt, Rockport, for Appellant–Defendant.

## OPINION

ROBERTSON, Judge.

Robert Kostuck [Landlord] appeals the judgment entered by the small claims court in favor of Vincent D. and Barbara L. Brown [Tenants] on the Tenants' claim against Landlord for the breach of an implied covenant of habitability. Landlord raises two issues with several subparts. However, as one issue requires reversal, we address it only. Restated, it is:

> Whether the trial court employed the appropriate measure of damages for the breach of a covenant in a lease agreement.

## FACTS

The facts in the light most favorable to the small claims court's judgment reveal that Landlord and Tenants entered into a written lease agreement whereby Tenants agreed to rent a house from Landlord for $400.00 per month. Tenants paid Landlord a $200.00 damage deposit. The house was in need of some repairs. Additional terms were hand-written at the end of the lease which provided that if the Landlord had not completed five particular repair projects by the time school started, he would refund the $200.00 security deposit to Tenants.

When Tenants arrived at the house to take possession, it was in poor condition. The five particular projects had not been completed. Also, the house was a mess, with buckets and cans standing around. The prior tenant had left debris and discarded items. A door had not been hung. Two walls had huge holes in them due to the anticipated installation of windows.

The Tenants decided not to take possession of the house and instead rented a "similar, suitable" house for $600.00 per month.

The Tenants brought the instant lawsuit against Landlord in small claims court. The trial court ruled that Landlord had breached "an implied covenant of habitability" and awarded Tenants $2,400.00, representing the increased amount of rent they were required to pay under the lease of the other house (12 months × ($600.00 − $400.00) = $2,400.00). This appeal ensued.

## DECISION

At the outset, we note that Tenants have failed to file an appellee's brief. When an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Rzeszutek v. Beck,* 649 N.E.2d 673, 676 (Ind.Ct.App.1995), *trans. denied.* The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee. *Id.* We also note the appropriate standard of review as set out in *City of Dunkirk Water & Sewage Dept. v. Hall,* 657 N.E.2d 115 (Ind.1995):

> In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment 'unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' Ind. Trial Rule 52(A). In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. This deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'

*Id.* at 116 (Citations omitted).

In *Sigsbee v. Swathwood,* 419 N.E.2d 789 (Ind.Ct.App.1981), the Tenant sued the

Landlord for, among other things, a leaking roof. The *Sigsbee* court noted:

> Eviction is either actual or constructive, actual when the tenant is deprived of the occupancy of some part of the demised premises, and constructive when the lessor, without intending to oust the lessee, does an act by which the latter is deprived of the beneficial enjoyment of some part of the premises, in which case the tenant has *his right of election, to quit, and avoid the lease and rent,* or abide the wrong and seek his remedy in an action for the trespass....

> In summary: If an act or omission by the lessor materially deprives the lessee of the beneficial use or enjoyment of the leased property, the lessee may *elect to abandon the property and avoid further obligations under the lease.*

*Id.* at 794 (Citations omitted; emphasis added). With respect to the appropriate measure of damages, the *Sigsbee* court noted:

> We note—for the benefit of the trial court and the parties to this action—the following well established principles regarding damages under contract law. To be recoverable, the damages must be the natural and proximate consequence of the breach. The damages must have been within the contemplation of the parties at the time they entered the contract. Further, the damages must be reasonably ascertainable and not based upon mere speculation or conjecture.

*Id.* at 796–97 (Citations omitted). The *Sigsbee* court then relied extensively on 11 Williston on Contracts § 1404 pp. 561–64 (3d ed. 1968) which pertains to "The Landlord's Breach of Covenants in Leases," noting:

> On breach of a covenant by the landlord to repair, the tenant may make the repairs himself and recover the reasonable expense of so doing. If the tenant does not make the repairs himself, the ordinary measure of damages is the difference in the rental value of the premises without the promised repairs and with them.

*Id.* at 794 (Citations omitted).

▮ Williston distinguished the measure of damages for "The Landlord's Breach of Covenants in Leases," § 1404, with the measure of damages applicable for a "Breach of Contract To Give or To Take a Lease," § 1404A. The latter measure of damages applies where:

> the 'lessor has prevented the lessee from entering and occupying the leased premises, or where an owner of property has broken his agreement to give a lease thereof to a prospective tenant, the measure of damages in an action for this breach of contract, if no rent has been paid and if nothing further appears, is the difference between the actual value of the leasehold estate that should have been enjoyed and the agreed rental that was to have been paid therefor.'

11 Williston § 1404A pp. 564–65; *See Garcia v. Llerena,* 599 A.2d 1138, 1143 (D.C.App. 1991) (Breach of option agreement to permit would-be tenant to assume lease).

▮ In the present case, the trial court found that Landlord had breached an implied covenant of habitability. Landlord did not prevent Tenants from entering and occupying the leased premises. Instead, the Tenants elected to quit the premises and abandon the lease. Accordingly, the appropriate measure of damages is defined by *Sigsbee* or 11 Williston § 1404, and not, as computed by the trial court in the present case, the measure prescribed in 11 Williston § 1404A for the breach of a contract to give a lease.

▮ The damages awarded in the present case based on the cost of alternative housing were not reasonably within the contemplation of the parties at the time they entered into the lease. In fact, the breach of the lease in large part related to the express, handwritten provisions requiring the Landlord to perform certain repairs to make the home suitable for Tenants' occupancy. The Tenants *elected* to abandon the property due to Landlord's breach of an implied covenant of habitability. This election of remedies relieved Tenants of any further obligation under the lease. *See Sigsbee,* 419 N.E.2d at 794. We hold that this remedy was exclusive under the circumstances present here. *See Parke v. First National Bank of Elkhart,* 571 N.E.2d 1317, 1319 (Ind.Ct.App.1991) (Under the doctrine of election of remedies, a party

may not ordinarily pursue a remedy based upon a theory involving the repudiation of a transaction in addition to a remedy based upon a theory which affirms that same transaction), *trans. denied.*

Landlord has established prima facie error in the trial court's award of damages based on the cost of alternative housing. Therefore, we reverse and remand with instructions that judgment be reduced to $200.00, representing the return of the security deposit. *See Briggs v. Clinton County Bank & Trust Company,* 452 N.E.2d 989, 1000–01 (Ind.Ct.App.1983) (Generally, the disaffirmance of an obligation requires the return of the parties to the status quo ante), *trans. denied.*

Judgment reversed.

BAKER and RILEY, JJ., concur.