Laura DADO, Appellant–Defendant,

v.

Sidney JEENINGA and Wendy Jeeninga, Appellees–Plaintiffs.

No. 45A03–0004–CV–129.

Court of Appeals of Indiana.

Jan. 24, 2001.

## OPINION

BAILEY, Judge.

### Case Summary

Laura Dado ("Laura") appeals the judgment entered by a small claims court in favor of Sidney and Wendy Jeeninga in the amount of $1,650. We affirm.

### Issue(s)

Laura presents two issues, which we restate as:

   I.    Is there evidence in the record supporting the small claims court's determination that Laura was at fault

for damages to Wendy Jeeninga's car?

II. Was there sufficient evidence to support the court's award of damages?

## Facts and Procedural History

The facts most favorable to the judgment reveal that, prior to April 4, 1997, Wendy Jeeninga ("Wendy") and her son had been temporarily residing in Laura's home. Although Wendy did not pay rent, she allowed Laura to use her 1984 Chevrolet Cavalier and bought groceries for Laura. On April 4, 1997, Wendy allowed Laura to use the car to drive to the home and check if the home was locked. Laura was involved in an accident while driving the vehicle. Wendy tried to secure payment for the damages from Laura, but was unsuccessful in her efforts. On March 1, 1999, Wendy filed a Notice of Claim against Laura in the Lake Superior Court, Small Claims Division. At trial, held on June 16, 1999, Wendy introduced photographs of her vehicle, apparently showing the damages caused in Laura's accident, and produced two estimates of the cost to repair the car. On June 29, 1999, the trial court found in favor of Wendy and against Laura in the amount of $1,650, the higher of the two submitted repair estimates. On July 29, 1999, Laura filed a Motion to Correct Errors, which was denied on December 30, 1999. Laura now appeals.

## Discussion and Decision

Upon appeal, Laura claims that there was no evidence of her fault introduced at trial. Laura also maintains that the trial court erred in determining the amount of damages she was required to pay to Wendy. Specifically, Laura claims that Wendy produced no evidence concerning the fair market value of the car.

### Standard of Review

Initially, we note that Wendy has failed to file an appellee's brief. When an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Kostuck v. Brown*, 684 N.E.2d 573, 574 (Ind.Ct.App.1997). The prima facie error rule protects this court and takes from us the burden of controverting arguments advanced for reversal, a duty which appropriately remains with the appellee. *Id.* In *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115 (Ind. 1995), the Indiana Supreme Court stated the standard of review to be used on an appeal from a small claims judgment:

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. This deferential standard of review is particularly important in small claims actions, where trials are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A).

*Id.* at 116 (citations omitted).

### Analysis

#### A. Evidence of Laura's Fault

Laura contends that there was no evidence before the trial court concerning any negligence on her part. According to Laura, the only evidence introduced at tri-

al concerning negligence was her testimony that she did not believe that the automobile accident was her fault. To prevail in an action for negligence, plaintiffs must establish: 1) a duty owed to the plaintiff by the defendant to conform his or her conduct to a standard of care arising from his or her relationship with the plaintiff; 2) a breach of this duty by the defendant; and 3) an injury to the plaintiff proximately caused by the breach. *Cole v. Gohmann*, 727 N.E.2d 1111, 1115 (Ind.Ct.App. 2000). In the present case, Laura claims that there was no evidence of a breach of duty between her and Wendy vis-à-vis the car.

The duty owed by Laura to Wendy depends upon the standard of care arising from their relationship. *Cole, supra*, 727 N.E.2d at 1115. Laura claims that their relationship was one of bailor and bailee. We agree. A bailment is an express or implied agreement that one party (the bailor) will entrust personal property to another (the bailee) for a specific purpose and that, when the purpose is accomplished, the bailee will return the property to the bailor. *Pitman v. Pitman*, 717 N.E.2d 627, 631 (Ind.Ct.App.1999). Here, Wendy expressly allowed Laura to use the car for the specific purpose of going to Laura's home to check whether she had locked the door. After she had done this, Laura returned the car to Wendy. Thus, a bailment relationship existed between Laura and Wendy concerning the car.

The standard of care that exists in a bailment relationship depends upon the nature of the bailment. *Id.* Laura claims that the bailment was one of mutual benefit, as she was allowed to use Wendy's car as partial consideration for allowing Wendy to stay at her home. Thus, she claims that she was required to exercise ordinary care. *Pitman*, 717 N.E.2d at 631. Laura further claims that there was no evidence before the court that she failed to exercise ordinary care. However, a prima facie case of negligence exists upon proof that a bailment existed and

damage occurred. *Kottlowski v. Bridgestone/Firestone, Inc.*, 670 N.E.2d 78, 84 (Ind.Ct.App.1996). Once a prima facie case is established, the burden shifts to the bailee to prove that he or she was not negligent. *Id.* Here, Laura admits that a bailment existed and that she returned the car in a damaged condition. Although she specifically denied fault in the accident, the trial court was not bound to believe Laura's testimony. Because we will not reweigh evidence or judge the credibility of witnesses upon appeal, we cannot say that Laura has demonstrated, prima facie, that the trial court erred in finding her liable for the damage to Wendy's car.

## B. Damages

Next, Laura claims that the trial court erred in determining the amount of damages she owed to Wendy. In support of her position, Laura relies upon *Wiese–GMC, Inc. v. Wells,* 626 N.E.2d 595 (Ind. Ct.App.1993). In *Wiese–GMC,* this court stated:

> [T]he fundamental measure of damages in a situation where an item of personal property is damaged, but not destroyed, is the reduction in fair market value caused by the negligence of the tortfeasor. This reduction in fair market value may be proved in any of three ways, depending on the circumstances. First, it may be proved by evidence of the fair market value before and the fair market value after the causative event. *Secondly, it may be proved by evidence of the cost of repair where repair will restore the personal property to its fair market value before the causative event.* Third, the reduction in fair market value may be proved by a combination of evidence of the cost of repair and evidence of the fair market value before the causative event and the fair market value after repair, where repair will not restore the item of personal property to its fair market value before the causative event.

*Id.* at 599, *emphasis added.* In the order denying Laura's Motion to Correct Errors,

the trial court stated that it "used the second method [from *Wiese–GMC*] of determining the damages in the instant case." Record at 32.

■■ Laura argues that Wendy bore the burden under this standard to establish the fair market value of her car before and after the accident. She reasons that since no such evidence was submitted, the trial court had no basis upon which to conclude that the cost of repairs would restore Wendy's car to its pre-accident fair market value. Laura argues that in the absence of such evidence, the trial court's award of repair costs may present a windfall to Wendy. We agree that a plaintiff should generally not recover an amount that places him in a better position than he was prior to an accident, and that recovery of repair costs in excess of the reduction in a vehicle's fair market value as a result of an accident, or in excess of the pre-accident value of the vehicle itself, would result in an impermissible over-recovery. *See Gass v. Agate Ice Cream, Inc.,* 264 N.Y. 141, 190 N.E. 323, 324 (1934). Nevertheless, we do not agree that Wendy was obligated to negate the possibility of a windfall by establishing the fair market value of her car before and after the accident. Rather, that burden properly rested with Laura as the defending party.

It is true that this court has held that when a plaintiff seeks to recover the cost of repairs in a property damage case, "the burden of proof should not shift to the defending party to prove the cost to repair unreasonable, or not reasonably related to the difference between the property's before and after fair market value." *Hann v. State,* 447 N.E.2d 1144, 1147–48 (Ind.Ct. App.1983). It appears that *Wiese–GMC* is consistent with this holding. *See Wiese–GMC,* 626 N.E.2d at 600 (remanding for finding of vehicle's pre-accident fair market value). *Wiese–GMC* approved our earlier decision in *Hann,* noting that *Hann* had "essentially adopted the measure of damages set forth in the Restatement

(Second) of Torts." *Id.* at 598. The Restatement standard provides:

> When one is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for:
>
> (a) the difference between the value of the chattel before the harm and the value after the harm or, *at his election in an appropriate case, the reasonable cost of repair or restoration, with due allowance for any difference between the original value and the value after repairs,* and
>
> (b) the loss of use.

*Id.* (quoting Restatement (Second) of Torts, § 928 (1977), *emphasis added* ).

However, while portions of *Hann* and *Wiese–GMC* may be read to support Laura's position, the terms of the evidentiary standards enunciated in those cases and in the Restatement do not. Requiring a plaintiff who elects to prove his damages under *Wiese–GMC*'s second method to introduce evidence of pre- and post-accident fair market value would render the first and third options superfluous. The first option already requires the plaintiff to directly prove the reduction in fair market value. The third option contemplates situations where a Plaintiff may be required to introduce a combination of repair cost and fair market value evidence to prove damages. Engrafting the requirement advanced by Laura onto the second option would render these methods duplicative and redundant.

Similarly, the terms of the Restatement do not support the imposition upon a plaintiff of the burden to negate a windfall by proving pre- and post-accident fair market value as a precondition to recovery of repair costs. As with the standard articulated in *Wiese–GMC*, the Restatement standard gives the plaintiff the option of proving his damages *either* by directly proving the diminution in fair market value, *or* by submitting evidence of cost of repairs. The Restatement goes on to say that the amount of damages evidenced by

the cost of repairs may be adjusted to the extent that repair costs are inconsistent with the diminution in value. However, the fact that the Restatement gives the plaintiff the choice to prove his damages by a means other than direct proof of the diminution in value indicates that the need, if any, for the post-hoc adjustment provided for in the rule should be demonstrated by the defendant, and not the plaintiff. Otherwise, the options would be redundant, and the plaintiff's choice of proof illusory.

In addition to being inconsistent with the terms of the evidentiary rules set forth in the Restatement and the applicable case law, the proposition advanced by Laura runs afoul of the general rule that "all doubts and uncertainties as to the proof of the exact measure of damages must be resolved against the defendant because the most elementary conception of justice and public policy requires that the wrongdoer bear the risk of uncertainty which his own wrong has created." *Boone County Rural Elec. Membership Corp. v. Layton,* 664 N.E.2d 735, 741 (Ind.Ct.App. 1996). Imposing the burden on the defendant to show how repair costs are unrecoverable would comport with this rule, and would be analogous to imposing the burden of proof as to mitigation of damages on the defendant. *See Deible v. Poole,* 691 N.E.2d 1313, 1316 (Ind.Ct.App.1998) (*trans. granted* and *opinion adopted,* 702 N.E.2d 1076 (Ind.1998)) (noting that mitigation is relevant only to the amount of damages recoverable and is not a defense to liability). Therefore, while we continue to adhere to the standards for measuring property damages set forth in *Hann* and *Wiese–GMC,* we disagree with those cases to the extent that they may be read to require a plaintiff to prove that recovery of the cost of his repairs will not yield a windfall, and we decline to follow them in that regard.

Our conclusion is supported by cases from numerous other jurisdictions, which hold that when a plaintiff presents evidence of the cost to repair damaged personal property, the plaintiff makes a prima facie case of his right to recover those costs, and the burden then shifts to the defendant to show that recovery of the repair costs will produce an over-recovery. For example, the Florida Court of Appeals held in *McHale v. Farm Bureau Mutual Insurance Co.,* 409 So.2d 238 (Fla.App. 1982) that

> when a plaintiff introduces evidence to show the reasonable and necessary costs of restoring the damaged property to its original condition, a prima facie case is made out by the plaintiff. The necessity of repairs is established by evidence that a collision caused by the defendant damaged the vehicle, and the reasonableness of the cost of repair is established, at least prima facie, by evidence of the cost of repair. The burden then shifts to the defendant to show that the repairs as made have increased the value of the property.

*Id.* at 240. Similarly, the Maryland Court of Appeals has noted that

> the appropriate rule with respect to the burden of proof in a case involving damage to a motor vehicle which has not been destroyed is that the owner of the damaged vehicle has the burden of proving his damage, and may do so by proving either the cost of repairs or the diminution in value of the vehicle after the damage in order to establish a prima facie case. The party causing the damage then has the burden of showing that the plaintiff's evidence is not the proper measure of damages by offering evidence that the option not pursued by the owner would cost him less.

*Kruvant v. Dickerman,* 18 Md.App. 1, 305 A.2d 227, 230 (1973). *See also Boston Fish Market Corp. v. Universal Insurance Co.,* 388 F.2d 773, 776 (1st Cir.1968) (by proving cost of repairs, plaintiff made prima facie showing of damages, shifting burden to defendant to rebut); *Mikol v. Vlahopoulos,* 86 Ariz. 93, 340 P.2d 1000, 1001 (1959) (when a plaintiff may prove damage

to property either by loss of value or cost of restoration, and gives evidence as to one measure, it is up to the defendant, who has the burden of showing mitigation and reduction, to show that the other measure would be less); *Geddes & Smith, Inc. v. St. Paul Mercury Indemnity Co.*, 63 Cal.2d 602, 47 Cal.Rptr. 564, 407 P.2d 868, 871 (1965) (plaintiff's failure to present evidence of value of damaged property will not defeat recovery); *Rhodes v. Firestone Tire & Rubber Co.*, 51 Cal.App. 569, 197 P. 392, 394–395 (1921) (defendant bears burden to show that cost of repairs exceeds diminution in value of property); *Kiely v. Ragali*, 93 Conn. 454, 106 A. 502, 504 (1919) (plaintiff entitled to recover cost of repairs when defendant failed to show how recovery impermissible); *Globe Motors, Inc. v. Noonan*, 106 Ga.App. 486, 127 S.E.2d 320, 324 (1962) (plaintiff not required to show value of vehicle before and after accident to recover cost of repairs); *Smith v. Champaign Urbana City Lines, Inc.*, 116 Ill.App.2d 289, 252 N.E.2d 381, 382 (1969) (paid auto repair bill is prima facie evidence that repairs are reasonable and necessary); *Couture v. Marquis*, 107 N.H. 47, 217 A.2d 175, 177 (1966) (evidence of cost of repairs sufficient to support verdict in absence of evidence that cost unreasonable); *Wooster Feed Mfg. Co. v. Village of Tallmadge*, 82 Ohio App. 499, 81 N.E.2d 811, 813 (1948) (evidence of reasonable and necessary repair costs is prima facie proof of the extent of damage sufficient to sustain judgment in absence of evidence that repair costs exceeded diminution in value or pre-accident value of vehicle); *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127, 129 (1950) (where plaintiff shows cost to restore property to pre-accident condition, defendant must produce evidence on the question); *Lee v. Bell*, 237 Va. 626, 379 S.E.2d 464, 467 (1989) (defendant has burden to prove that repair will result in unjustified betterment of property). The rule described above is the better rule, and we adopt it now.

Under this understanding of the respective evidentiary burdens borne by parties to a property damage case, Wendy was required to make an initial prima facie showing that the repairs contemplated in the estimates would fix the damages caused by Laura's accident and restore the vehicle to its pre-accident condition. Wendy made such a showing. At trial, she introduced photographs of her car, apparently highlighting the damages caused by Laura's accident, as well as two estimates of the cost to repair those damages. Laura has not disputed that the photographs accurately depict the damage resulting from her accident, and has not disputed that the repairs contemplated in the estimates will fix those damages. The trial court could have reasonably deduced from the evidence presented that the pre-accident value of Wendy's car, whatever that might have been, was diminished as a result of the damage occasioned by Laura's accident. The trial court could have further concluded that if the damage caused by the accident was fixed, the value of the vehicle lost in the accident would be restored. At the very least, Wendy satisfied her burden to make a prima facie showing that she was entitled to recover the cost of repairs. In the face of this evidence, it was incumbent upon Laura to show that the cost of the repairs contemplated in the estimates were somehow unrecoverable. Laura presented no such evidence, and did not carry her burden here. In the absence of any contrary evidence presented by Laura, the trial court appropriately concluded that Wendy was entitled to recover the cost of her repairs. The trial court's award of damages is therefore affirmed.

Affirmed.

VAIDIK, J., concurs.

SULLIVAN, J, concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I concur in the holding of the majority which affirms the trial court's determina-

tion that Laura is liable for the damage to Wendy's car. I respectfully dissent, however, from the affirmance as to the damages awarded. My view diverges from that of the majority in several particulars.

First, and perhaps foremost, I disagree with the majority's placement upon defendant of the burden to disprove what is termed a "prima facie" showing by plaintiff of the recoverable damages. This prima facie burden is deemed carried by mere proof of the cost of repair as evidenced by an estimate of repair.

My disagreement is drawn from the unambiguous language of *Wiese–GMC, Inc. v. Wells* (1993) Ind.App., 626 N.E.2d 595, *trans. denied,* as quoted by the majority. This language clearly includes the element of fair market value before the accident as part of the initial burden of proof of damages. This burden clearly falls upon plaintiff.

Placing the burden upon plaintiff does not render redundant the First and Third options set forth in *Wiese.* The First option, as noted by the majority, does require a reflection of the reduction in fair market value. However, that reduction must be established by proof of two separate values, i.e., the value before *and* the value after the accident. The Second option, utilized here, requires only proof of the value *before* the accident, in conjunction, of course, with the cost of repair.

The Third option is somewhat similar to the Second in that it utilizes the cost of repair factor but also engrafts the First option requirement for proof of the value before *and* after and is applicable only where the Second option is not applicable, i.e., where repair will not restore the property to the pre-accident value.

Although, as observed by the majority, the *Wiese* decision stated, somewhat gratuitously, that the decision of *Hann v. State* (1983) Ind.App., 447 N.E.2d 1144 "had essentially adopted" the Restatement measure of damages, such conclusion was not, and is not, warranted. To the extent that *Hann,* which did not cite the Restatement even by analogy, reflects some of the Restatement concepts, it certainly did not adopt Restatement § 928 as the law of Indiana.

The Restatement test as enunciated by the majority here, does seem to permit damages to be awarded solely by proof of cost of repair, arguably placing upon defendant the burden to seek "due allowance for any difference between the original value and the value after repairs ..." RE-STATEMENT (SECOND) OF TORTS (1977) § 928. However, there is a caveat to application of this measure of damages in that it is to be used only "in an appropriate case." *Id.* It may well be that this Restatement approach "in an appropriate case" roughly equates to our Third option which is only applicable where repair will not restore the property to the pre-accident value. Be that as it may, it does not even roughly equate to our Second option as here applied.

*Wiese* must be read in light of *Hann,* upon which it relies. *Hann* clearly requires the plaintiff, when utilizing the cost of repair, to *additionally* prove that such cost bears a "reasonable relationship to the difference between the fair market value of the property just before and just after the traumatic event." 447 N.E.2d at 1147. I fail to see how this relationship might be shown without proof of the before and after values.

Be that as it may, the Second option, with which we are here concerned, requires proof that the cost of repairs will restore the property to its fair market value before the causative event. Once again I fail to see how that burden could be carried without establishment of the before value.

Here, the record reveals that there was a lack of evidence before the trial court concerning the pre-accident fair market value of Wendy's car. Without some evidence of the fair market value of the car, the trial court had no basis upon which to

properly determine the amount of damages, and the awarded amount could have improperly granted Wendy a windfall. *See Wiese–GMC, supra,* 626 N.E.2d at 597.

While it must be acknowledged that, in small claims actions, "[t]he trial shall be informal . . . and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence. . . ." S.C.R. 8(A), justice still must be dispensed "according to the rules of substantive law." S.C.R. 8(A). *See also Robinson v. Valladares* (2000) Ind.App., 738 N.E.2d 278, 281, applying I.C. 33–5–2–5. The rule requiring evidence of fair market value is properly considered a rule of substantive law which must be followed to prevent an injured party from being placed in a better position than before the damage occurred. Therefore, Laura has established prima facie error by the trial court regarding the determination of damages.[1]

Whether the rule as to the proper measure of damages is, as I believe it to be, a rule of substantive law, or is a rule of evidence as indicated by the majority, the rule here enunciated by the majority is contrary to the existing substantive law.

Although I agree that, at least in a small claims setting, the new rule has much to recommend it both as to fairness and ease of application,[2] such change should come about through our Supreme Court, whether by amendment of the Small Claims Rules or by judicial decision.

---

1. The fact that the small claims process contemplates litigation between lay parties without representation by attorneys does not authorize this court to ignore controlling principles of substantive law. This is so even though the result appears to be unduly harsh, if not unjust.

2. This view may account for the adoption of the cost of repair rule in the some twelve jurisdictions cited by the majority.