## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 25 2017, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Morris Kelsay
Marion, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edwin Blinn Jr., <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Rachel Marie Fern, <br> *Appellee-Defendant* | May 25, 2017 <br><br> Court of Appeals Case No. <br> 27A05-1701-SC-49 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Warren Haas, Judge <br><br> Trial Court Cause No. <br> 27D03-1609-SC-936 |

**Baker, Judge.**

[1] Edwin Blinn, Jr., is a landlord who filed a complaint to evict one of his tenants, Rachel Marie Fern, for failure to pay rent. The trial court awarded Blinn possession effective October 3, 2016. After Blinn took possession, his property manager, Katie Blinn, attempted to re-rent the vacant apartment. She put weekly ads in the newspaper for three weeks but had not yet found a new tenant at the time of the damages hearing.

[2] At the October 20, 2016, damages hearing, Blinn requested a continuance because he had not yet found a new tenant; therefore, he was unable to provide a final calculation of the previous tenant's unpaid rent.[1] The trial court questioned Katie and learned that Blinn owns and rents approximately seventy-five apartments in the community. Katie also agreed that the vacant apartment "should go quickly" because it was their only vacant one-bedroom apartment at that time. Tr. Vol. II p. 6.

[3] The trial court denied the motion to continue the damages hearing for the following reasons:

> Mr. Blinn has many many many apartments, and he has the ability to put people in apartments. And he chooses which ones go into which apartments. So, I think it's unfair for the people who are getting no benefit what so ever from paying rent to have very long before the at least the bleeding stops.

---

[1] Fern's lease expired on December 18, 2016.

*Id.* The trial court awarded damages in the amount of $2,851, which included past due rent up to the date of the hearing. Blinn filed a motion to correct error, which the trial court denied, reasoning as follows:

> Landlord picks and chooses who occupies one or another of his 75 apartments. He was able to re-rent 4 or 5 of his apartments at [one location] and another 5 or 6 in his other apartments in the three weeks prior to October 20, 2016. Landlord would have little incentive to rent Tenant's apartment, if he were given 60 additional days, as requested, to re-rent Tenant's apartment. Katie Blinn testified that Tenant's apartment is a one bedroom unit and should be rented quickly.

Appealed Order p. 2. Blinn now appeals.

[4] We review a small claims court's judgment for clear error. *Bokori v. Martinoski*, 70 N.E.3d 441, 443 (Ind. Ct. App. 2017). A deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003). Here, the tenant did not file an appellee's brief, "and thus we may reverse upon a prima facie showing of reversible error—but even so, we still may not reweigh evidence or reassess witness credibility." *Bokori*, 70 N.E.3d at 444.

[5] After an eviction or tenant default, "[a] landlord is required to use such diligence as would be exercised by a reasonably prudent person under similar circumstances to relet the premises." *Merkor Mgmt. v. McCuan*, 728 N.E.2d 209,

212 (Ind. Ct. App. 2000). The trial court here found, based on its assessment of the evidence and the parties, that if Blinn used reasonable diligence, the apartment would be re-rented quickly. Indeed, Blinn's sole witness testified precisely that. Tr. Vol. II p. 6. The implication underlying the trial court's ruling is a conclusion that if Blinn had been given more time, he would not have used reasonable diligence to find a new tenant. We decline to second-guess this assessment, as we do not have the benefit of observing the parties or the witness first hand.

[6] Indiana Small Claims Rule 9(A) states that "[e]ither party may be granted a continuance for good cause shown." In this case, the trial court found that Blinn did not establish good cause. Nothing in this record leads us to believe a reversal of that decision is warranted.

[7] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.