## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.


FILED

Dec 26 2018, 5:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Lee Money
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danny L. Young, <br> *Appellant-Respondent,* <br><br> v. <br><br> Lu Ann S. Young, <br> *Appellee-Petitioner.* | December 26, 2018 <br><br> Court of Appeals Case No. 18A-DR-277 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Kimberly D. Mattingly, Magistrate <br><br> Trial Court Cause Nos. 49D13-1507-PO-25018 49D13-1506-DR-17889 |

**Najam, Judge.**

## Statement of the Case

[1]     Danny L. Young ("Danny") appeals the trial court's order for protection in favor of Lu Ann S. Young ("Lu Ann") as well as the trial court's finding of

contempt against him and its order that he pay Lu Ann's attorney's fees as a result of his contempt. Danny raises three issues for our review, which we consolidate and restate as the following two issues:

1. Whether the trial court's order for protection is clearly erroneous.

2. Whether the trial court abused its discretion when it found Danny in contempt and ordered him to pay Lu Ann's attorney's fees.

We affirm in part and reverse in part.

## Facts and Procedural History

On July 29, 2015, the trial court entered an order for protection that required Danny to stay away from Lu Ann's residence and place of employment. In November of 2015, pursuant to a final settlement agreement in a consolidated action regarding the dissolution of their marital estate, Danny and Lu Ann agreed that the order for protection was to be "modif[ied] . . . to allow [Danny] to attend" their church "as long as he does not harass, annoy, intimidate[,] or attempt to directly communicate with [Lu Ann] during times they are both at the Church." Appellant's App. Vol. II at 14-15. If Danny failed to comply with the modified order for protection, Danny agreed to be "banned" from attending the church. *Id.* The trial court adopted the parties' final settlement agreement in its ensuing decree of dissolution.

[4] In February of 2016, Lu Ann moved to revoke the order for protection on the ground that Danny had "harassed, annoyed[,] and intimidated" her at the church. *Id.* at 19. After an evidentiary hearing, on May 23 the court found that Danny had violated the terms of the order for protection as alleged. As a remedy, the court again modified the order to prohibit Danny from "com[ing] within 100 feet of [Lu Ann] at all times he attends" the church. *Id.* at 20. The court then directed Danny to pay Lu Ann's attorney's fees incurred in her pursuit of that modification.

[5] Danny appealed the May 23, 2016, order. In this Court's ensuing opinion, we noted the following additional facts:

> Danny timely appealed. After the appeal was perfected, on August 19, 2016, the trial court entered two further orders: one awarding Lu Ann appellate attorney's fees, and another "revok[ing]" the "prior modification" of the Protective Order and "reinstat[ing] in full with no limitations" the Protective Order as initially issued.

*Young v. Young*, 81 N.E.3d 250, 253 (Ind. Ct. App. 2017) (alterations original to *Young*; footnotes and citations to the record omitted) ("*Young I*").

[6] On appeal, we initially held that the trial court's August 19, 2016, orders were void for lack of subject matter jurisdiction. *Id.* at 254. We then addressed Danny's argument that insufficient evidence supported the trial court's judgment that he had violated the modified order for protection. On that issue, we concluded as follows:

The evidence and inferences favorable to the trial court's decision reveal that, on several occasions starting in January 2016, less than two months after the dissolution decree was issued, Danny intentionally followed and kept close to Lu Ann while both were at church. Danny would "wait outside of whatever room [Lu Ann] was in[,] including the women's restroom." One Sunday, Lu Ann saw that Danny had arrived early for church and was waiting in his truck in the parking lot. Lu Ann waited for a while for Danny to go inside. When Danny remained in his truck, Lu Ann decided to go inside herself, whereupon Danny immediately got out of his truck and followed her in. Lu Ann started choosing a different seat during services from week to week to avoid Danny sitting near her. The next week, Lu Ann would find that Danny had chosen to sit wherever she had sat the previous week.

Other members of the church testified that they observed Danny "lingering" near Lu Ann, "waiting for her to depart and maybe going out the same door[,]" as well as waiting in the parking lot until Lu Ann got out of her car to get out of his truck. One member observed Danny peering into Lu Ann's car in the parking lot and then hurrying away after checking to see if he had been noticed. Danny's conduct was repeatedly described as "lingering," or "hover[ing]." Members described Lu Ann's annoyance and distress at Danny's behavior.

We appreciate that the church appears to be a small one, and that, particularly in this context, the line between intentional harassment and innocent chance run-ins may be difficult to draw. However, it is precisely for this reason that we defer to the trial court's proximity to the facts and the parties, and particularly to its ability to assess witness credibility. Sufficient evidence supported the trial court's finding that Danny violated the Protective Order by harassing, annoying, and intimidating Lu Ann at church.

*Id.* at 254-55 (citations to the record omitted; alterations original to *Young I*).

[7]     After we had concluded that sufficient evidence supported the trial court's finding that Danny had violated the order for protection, we addressed the propriety of the trial court's remedies, namely, its further modification of the order for protection to limit Danny from entering or approaching the church and its order for Danny to pay Lu Ann's attorney's fees. We noted that, as the court did not elect to find Danny in contempt for his violation of the order for protection but instead elected to modify the order, the court was required to enter findings of fact that domestic or family violence had occurred. *Id.* at 255-56. As the court had not entered any such finding, we were unable to "discern whether the trial court applied the correct legal standard . . . ." *Id.* at 256. We thus "remand[ed] for further proceedings on this issue." *Id.* at 257.

[8]     We then clarified that, on remand,

> solely on the basis of the Protective Order violation affirmed above, Lu Ann may seek to have Danny held in contempt. Alternatively or additionally, Lu Ann may ask the trial court for a modification of the Protective Order prohibiting Danny from entering or approaching the church . . . . But if Lu Ann seeks a modification of the Protective Order . . . the trial court must find that [an act of domestic or family violence has occurred], subject to the requirements of Trial Rule 52.

*Id.* (footnote omitted). We further concluded that the parties' final settlement agreement, as adopted by the trial court, required the parties to pay their own attorneys' fees to enforce alleged violations of either that agreement or the order

for protection. *Id.* at 258-59. We therefore reversed the trial court's award of attorney's fees to Lu Ann.

[9] Following the certification of our opinion in *Young I* in September of 2017, the trial court held an evidentiary hearing on remand in which the court again heard evidence that demonstrated Danny's violation of the original order for protection. After that hearing, on January 10, 2018, the court extended the original order for protection against Danny. Appellant's App. Vol. II at 69. The January 10, 2018, order did not on its face restrict Danny's access to the church. However, in its CCS entry for January 10, 2018, the court stated that the order for protection entered that day "shall include [Lu Ann's] church as a protected address," presumably by operation of the parties' final settlement agreement. *Id.* at 66; *see also id.* at 14-15. The court further found Danny "in contempt for appearing at the church despite knowledge he was to stay away" and ordered him to pay $1,000 in attorney's fees to Lu Ann for "his contemptuous behavior." *Id.* at 66-67. This appeal ensued.

## Discussion and Decision

### Issue One:  Order for Protection

[10] Danny first appeals the trial court's extension of the original order for protection. We initially note that Lu Ann has not filed an appellee's brief. In such circumstances, "we may reverse upon a *prima facie* showing of reversible error—but[,] even so, we still may not reweigh evidence or reassess witness credibility." *Bokori v. Martinoski*, 70 N.E.3d 441, 444 (Ind. Ct. App. 2017). We

review orders for protection under our clearly erroneous standard of review. *E.g.*, *S.B. v. Seymour Cmty. Schs.*, 97 N.E.3d 288, 295 (Ind. Ct. App. 2018), *trans. denied*. Under that standard, "we first determine whether the evidence supports the findings, and then we determine whether the findings support the order." *Id.* (quotation marks omitted).

[11] Danny asserts that the January 10, 2018, order is an erroneous extension of the original order for protection. In particular, Danny asserts that there is no evidence to demonstrate that he "ever posed a continuing threat of any kind to Lu Ann." Appellant's Br. at 17. We cannot agree. Lu Ann and other witnesses from the church testified that they had observed Danny's ongoing harassment of Lu Ann while the original order for protection was in place. Indeed, in *Young I* we expressly held that Lu Ann had presented sufficient evidence to show that Danny had violated the original order for protection by continuing to harass, annoy, and intimidate her at the church. 81 N.E.3d at 255. Such evidence of "continuing harm or the threat of continuing harm" is sufficient to support a reasonable extension of an order for protection. *J.K. v. T.C.*, 25 N.E.3d 179, 181-82 (Ind. Ct. App. 2015). And Danny does not suggest on appeal that the length of time the trial court extended the order for protection is unreasonable. Thus, we affirm the court's extension of the order for protection.

### Issue Two: Contempt and Attorney's Fees

[12] Danny also asserts on appeal that the trial court abused its discretion when it found him in contempt and ordered him to pay Lu Ann's attorney's fees.

"Contempt of court generally involves disobedience of a court or court order that undermines the court's authority, justice, and dignity." *Reynolds v. Reynolds*, 64 N.E.3d 829, 832 (Ind. 2016) (quotation marks omitted). "It is soundly within the discretion of the trial court to determine whether a party is in contempt, and we review the judgment under an abuse of discretion standard." *Id.* (quotation marks omitted). "We will reverse a trial court's finding of contempt only if there is no evidence or inference therefrom to support the finding." *Id.* (quotation marks omitted).

[13] Here, in its January 10, 2018, CCS entry, the trial court stated that it found Danny in contempt "for appearing at the church despite knowledge he was to stay away." Appellant's App. Vol. II at 66. Danny asserts that the trial court's reasoning appears to be premised on the void August 19, 2016, orders, which of course, if true, would not be a legitimate basis for contempt. *See Young I*, 81 N.E.3d at 254. However, we disagree with Danny's assumption. Rather, as we noted in *Young I*, Lu Ann presented sufficient evidence to show that Danny had violated the original order for protection. Thus, according to the parties' final settlement agreement, to which Danny had agreed to be bound and which the trial court adopted in its decree of dissolution, Danny's violation of the original order for protection required him to subsequently "be banned from going to the Church . . . ." Appellant's App. Vol. II at 15. Accordingly, based only on the plain language of the parties' settlement agreement, we conclude that the trial court did not abuse its discretion when in found Danny in contempt for

continuing to go to the church despite having violated the original order for protection.[1]

[14] Danny also asserts that the trial court abused its discretion when it directed him to pay $1,000 to Lu Ann for attorney's fees as a sanction for his contempt. On this point, we must agree that Danny has at least demonstrated *prima facie* error. In *Young I*, we held that the parties' final settlement agreement, as adopted by the trial court, required the parties to pay their own attorneys' fees to enforce alleged violations of either the agreement or the order for protection. 81 N.E.3d at 258-59. "Under the Law of the Case Doctrine, an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and relevantly similar facts." *Anderson v. Gaudin*, 42 N.E.3d 82, 87 n.5 (Ind. 2015) (quotation marks omitted). Because this Court has already decided that the parties' final settlement agreement requires them to pay their own attorneys' fees to enforce alleged violations of the agreement or the order for protection, we are bound by the law of the case doctrine to reach the same result here. Accordingly, we hold that the trial court abused its discretion when it directed Danny to pay Lu Ann's attorney's fees.

---

[1] In light of our holding on this issue, we need not consider Danny's additional argument that the trial court abused its discretion when it found him also to be in contempt on other grounds.

## *Conclusion*

In sum, we affirm the trial court's extension of the order for protection. We also hold that the trial court did not abuse its discretion when it found Danny in contempt. However, we must conclude that Danny has demonstrated *prima facie* error on the issue of attorney's fees. As such, we reverse the trial court's order for Danny to pay $1,000 to Lu Ann for attorney's fees she incurred to enforce the final settlement agreement and order for protection.

Affirmed in part and reversed in part.


Crone, J., and Pyle, J., concur.