

**FILED**

Jun 25 2019, 8:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard E. Bryant
The Law Office of Richard E. Bryant, P.C.
Goshen, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacqueline Smith, <br> *Appellant,* <br><br> v. <br><br> Laurenz Place LLC, <br> *Appellee.* | June 25, 2019 <br><br> Court of Appeals Case No. <br> 19A-SC-36 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Julie P. Verheye, Magistrate <br><br> Trial Court Cause No. <br> 71D03-1807-SC-6813 |

**Bailey, Judge.**

# Case Summary

In Cause No. 71D02-1803-SC-2509 ("Cause 2509"), Jacqueline Smith ("Smith") was sued by her former landlord, Laurenz Place LLC ("Laurenz Place"), for an alleged breach of a lease. The parties reached a settlement and Smith vacated the premises without an admission of breach. Subsequently, Laurenz Place returned Smith's security deposit, reduced by $650.00, and Smith filed the instant lawsuit, Cause No. 71D03-1807-SC-6813 ("Cause 6813"). Laurenz Place counterclaimed for damages and for attorney's fees in both causes.

The small claims court entered judgment for Smith in the amount of $1,650.00 (for unlawful retention of the security deposit and attorney's fees in Cause 6813). Despite the prior settlement and Smith having prevailed on her claim, the court entered judgment for Laurenz Place in the amount of $1,696.00 (for damages and attorney's fees for both causes). Smith now appeals the judgment on the counterclaim. She presents the issue of whether the small claims court clearly erred in awarding Laurenz Place damages and attorney's fees. We reverse.

# Facts and Procedural History

On March 6, 2018, Laurenz Place gave Smith notice to vacate her rented apartment; eight days later, Laurenz Place filed a claim against Smith for immediate possession. On the date that the small claims hearing was

scheduled, the parties – both represented by counsel – reached an agreement. Smith agreed to vacate the apartment on or before April 30, 2018 and pay the existing balance on her rent account. Laurenz Place agreed to dismiss its small claims complaint so that Smith would not have an eviction of record. The South Bend Housing Authority issued checks for Smith's accrued rent, which were accepted and deposited by Laurenz Place.[1]

[4] Thereafter, Laurenz Place sent Smith an itemization of alleged damages and a check for $269.00. This represented the balance of Smith's $919.00 deposit, after deductions of $100.00 for carpet cleaning, $100.00 for water, and $450.00 for attorney's fees incurred in Cause 2509. On July 11, 2018, Smith filed her complaint in Cause 6813, requesting refund of her deposit, moving expenses of $2,000.00, and attorney's fees. On September 6, 2018, Laurenz Place filed a counterclaim.

[5] The small claims court conducted a hearing on September 20, 2018, at which the parties offered documentary and testimonial evidence. On October 4, 2018, the court issued an order. The court concluded that Smith was not entitled to moving expenses for a wrongful eviction, having reached agreement with Laurenz Place in Cause No. 2509. However, the court found that Laurenz Place had wrongfully withheld $450.00 in attorney's fees from Smith's security deposit. Laurenz Place was ordered to refund Smith $450.00 of the deposit and

---

[1] During the landlord-tenant dispute, Laurenz Place had returned checks proffered by the South Bend Housing Authority.

pay her $1,200.00 in attorney's fees in Cause 6813.[2]  However, the court awarded Laurenz Place $650.00 (equivalent to the deduction from Smith's security deposit) and $1,046.00 in attorney's fees for pursuing its defense and counterclaim in Cause 6813.

[6]     Smith filed a motion to correct error, which was summarily denied.  Laurenz Place, having been awarded $1,696.00 and ordered to pay Smith $1,650.00, moved the small claims court to offset the judgments.  The court entered an order of offset.[3]  Smith now appeals.

# Discussion and Decision

[7]     Smith contends that the small claims court erred by awarding Laurenz Place damages despite its non-compliance with Indiana's Security Deposits Statute, Indiana Code Section 32-31-3 *et seq.*, and by awarding Laurenz Place attorney's fees absent a statutory or contractual basis.

[8]     We review a small claims court's judgment for clear error.  *Bokori v. Martinoski*, 70 N.E.3d 441, 443 (Ind. Ct. App. 2017).  A deferential standard of review is particularly important in small claims actions, where trials are informal, with

---

[2] This was less than the aggregate fees requested by Smith.  The small claims court disallowed attorney's fees attributable to Smith's claim for wrongful eviction.

[3] The parties did not draw attention to the double recovery by Laurenz Place of the cleaning fee and water bill.  The judgment in favor of Smith included an order that Laurenz Place pay Smith $450.00 wrongfully deducted from Smith's security deposit, permitting Laurenz Place to retain $200.00.  But then the trial court awarded Laurenz Place $650.00 (exclusive of attorney's fees), equivalent to the amount previously deducted from the security deposit.

the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003). Laurenz Place did not file an appellee's brief, "and thus we may reverse upon a prima facie showing of reversible error – but even so, we still may not reweigh evidence or reassess witness credibility." *Bokori*, 70 N.E.3d at 444. "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

[9] Indiana Code Section 32-31-3-13 dictates that a security deposit may only be used for: (1) reimbursement for actual damages to the rental unit not the result of ordinary wear and tear; (2) to pay for rent in arrearage under the rental agreement and rent due for premature termination; (3) to pay for the last month's rent upon the parties' stipulation; or (4) reimbursement for unpaid utility or sewer charges for which the tenant is obligated.

[10] Indiana Code Section 32-31-3-12 provides in relevant part:

> (a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:
>
> (1) the payment of accrued rent;
>
> (2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and

> (3) unpaid utility or sewer charges that the tenant is obligated
>     to pay under the rental agreement;
>
> all as itemized by the landlord with the amount due in a
> written notice that is delivered to the tenant not more than
> forty-five (45) days after termination of the rental agreement
> and delivery of possession.  . . .
>
> (b) If a landlord fails to comply with subsection (a), a tenant may
>     recover all of the security deposit due the tenant and
>     reasonable attorney's fees.

[11]     Indiana Code Section 32-31-3-14 requires that the itemized list of damages include the estimated cost of repair for each damaged item and specify the lease on which the landlord intends to assess the tenant.  Pursuant to Indiana Code Section 32-31-3-15, "[f]ailure by a landlord to provide notice of damages under section 14 of this chapter constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit."  A landlord who fails to comply with sections 14 and 15 "is liable to the tenant in an amount equal to the part of the deposit withheld by the landlord plus reasonable attorney's fees and court costs."  I.C. § 32-31-3-16.  "A waiver of th[e] chapter by a landlord or tenant is void."  I.C. § 32-31-3-17.

[12]     The Security Deposit Statute is in derogation of the common law and thus is to be strictly construed.  *Miller v. Geels*, 643 N.E.2d 922, 927 (Ind. Ct. App. 1994), *trans. denied*.  Its primary aim is to provide for the timely return of the security deposit and to protect a tenant from wrongful withholding by the landlord.  *Eppl v. DiGiacomo*, 946 N.E.2d 646, 650 (Ind. Ct. App. 2011).  "Failure to

refund and supply the itemized list results in a waiver of any claim for damages and exposes the landlord to liability for the tenant's attorney fees." *Lae*, 789 N.E.2d at 485. And providing an itemization where claimed damages are "lumped" together as "other damages" is fatal to statutory compliance. *Pinnacle Prop. v. Saulka*, 693 N.E.2d 101, 104 (Ind. Ct. App. 1998).

[13] Here, the small claims court found that Laurenz Place had timely provided Smith with the requisite statutory notice but also determined that Laurenz Place had included a deduction not encompassed by the statute, that is, attorney's fees. Smith argues that Laurenz Place's inclusion of the attorney's fees constitutes "fail[ure] to comply with subsection (a)" of Indiana Code Section 32-31-3-12 and thus Laurenz Place waived any claim for damages. We do not interpret the statutory language so narrowly.

[14] We seek to give practical application to a statute, and to avoid results that are absurd, a hardship, or unjust. *Suggs v. State*, 51 N.E.3d 1190, 1194 (Ind. 2016). Where a landlord fails to timely return a tenant's security deposit, accompanied by an itemization of specificity, the entire security deposit is recoverable by the tenant. *Pinnacle*, 693 N.E.2d at 104. But we discern no legislative intent that a tenant may avoid liability for accrued rent, damages, or utilities because of an itemization's inclusion of a disallowable item (which the tenant may then challenge). Rather, a security deposit deduction is appropriate for owed damages, rent, and utilities properly noticed and itemized, but a tenant may be awarded attorney's fees incurred to recover unauthorized deductions. Smith has not shown that she was entitled to the refund of her entire security deposit

because of waiver. And there is no factual dispute that Smith owed $100.00 for water; the deduction for past due water bills was by statute allowable.[4]

[15] Smith was ordered to pay attorney's fees of $450.00 attributable to Cause 2509 and attorney's fees of $1,046.00 attributable to Cause 6813.[5] The latter sum included defense of the claim on which Smith prevailed, wrongful withholding of a portion of the security deposit. Indiana has consistently followed the American Rule with respect to attorney's fees. *Loparex, LLC v. MPI Release Technologies, LLC*, 964 N.E.2d 806, 816 (Ind. 2012). In the absence of statutory authority, an agreement, or an equitable exception, a prevailing party has no right to recover attorney's fees from the opposition. *Id.*

[16] A lease may provide for the payment of attorney's fees occasioned by a party's breach, *Miller*, 643 N.E.2d at 932, and the lease between Laurenz Place and Smith contained such a provision. That said, the parties settled their prior legal action. The settlement agreement reached by the parties did not obligate Smith to pay Laurenz Place's attorney's fees for a claimed breach of the lease. The $450.00 attributable to Cause No. 2509 was not properly assessed against Smith in this action. As for the legal fees incurred by Laurenz Place in Cause 6813,

---

[4] Smith was also charged a fee of $100.00, pursuant to a lease term that imposed a "standard" carpet cleaning fee. The Security Deposit Statute contemplates "damages" going beyond "ordinary wear and tear" and thus does not provide for pre-authorized deductions from a security deposit for routine cleaning. I.C. § 32-31-3-13. However, agreements that a tenant clean or pay for cleaning of leased premises may be upheld in a lease enforcement action. *See Miller*, 643 N.E.2d at 926 (recognizing that the Security Deposit Statute provides special protection for security deposits but does not limit the freedom of landlords and tenants to contract regarding an obligation for cleaning the premises), *trans. denied*.

[5] This aggregate award was reduced by $50.00 in the order of offset.

wherein Laurenz Place was found to have wrongfully reduced Smith's security deposit, there is neither a contractual or statutory basis for shifting those fees to Smith.

# Conclusion

[17] The small claims court clearly erred in assessing attorney's fees against Smith and then offsetting the judgment Smith obtained against Laurenz Place. The evidence established that Smith owed Laurenz Place $200.00. The judgment in Smith's favor awarded Smith the refund of only $450.00 of the $650.00 deducted from her security deposit; accordingly, Laurenz Place has retained the $200.00 Smith owed. Laurenz Place is not entitled to double recovery of those items upon its counterclaim and Laurenz Place is not entitled to attorney's fees from Smith. Thus, the judgment upon the counterclaim is reversed.

[18] Reversed.

Riley, J., and Pyle, J., concur.