## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 11:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Taffanee L. Keys
The Keys Law Office
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jennifer Lee, Esq.
Lee, Cossell & Crowley, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jessica Curd,
*Appellant-Defendant,*

v.

Regina Harrington,
*Appellee-Plaintiff.*

September 30, 2019

Court of Appeals Case No.
18A-SC-2598

Appeal from the Marion Small Claims Court, Wayne Township

The Hon. Gerald B. Coleman, Judge

Trial Court Cause No.
49K08-1806-SC-3795

**Bradford, Judge.**

# Case Summary

In June of 2016, Jessica Curd attacked Regina Harrington at a party, scratching her face. As a result of the scratches, Harrington lost income and incurred medical expenses. Harrington brought a small claims battery action against Jessica, and the small claims court ultimately entered judgment in favor of Harrington for $6500.00. Jessica contends that neither the judgment nor the award of damages is supported by sufficient evidence. Because we disagree, we affirm.

# Facts and Procedural History

On June 12, 2016, Harrington was romantically involved with Armon Curd, the ex-husband of Jessica. That day, Harrington was invited to attend the Indianapolis graduation party of Armon and Jessica's daughter, Lauren. As Harrington sat on a couch speaking with Simone Curd, another of Armon and Jessica's daughters, she felt an "aggressive brush against [her] leg" from Jessica. Tr. Vol. II p. 64. Armon and Simone spoke with Jessica about her behavior, and "things seemed to dissipate." Tr. Vol. II p. 65. Armon suggested to Harrington that she have some food, and she walked down a hallway to a buffet in another room. Jessica followed and, as she bent down to get a bottle of water for her boyfriend, Harrington bumped into her. Harrington and Jessica then began to argue, and Jessica struck Harrington in the face, leaving several scratches.

An emergency medical technician treated Harrington at the scene, she sought further medical care the next day, and she was later treated by a dermatologist

and a scar revisionist, the latter of which she has seen over ten times. As a result of Jessica's scratches, Harrington has incurred medical expenses of well over three thousand dollars, missed some work, and will have permanent scarring.

[4] On June 4, 2018, Harrington brought a small claims battery action against Jessica, seeking $5000.00 in damages, a request later increased to $8000.00. The small claims court held a bench trial on August 28, 2019. Harrington testified that her injuries caused her to miss work, which, in turn, caused her yearly work bonus to drop from its average of $30,000.00 to approximately $15,000.00. Harrington indicated that her

> [t]otal losses in a dollar figure would definitely be more than thirty thousand. They far exceed the eight given the investment of time. I don't even live in this state I've had to travel back and forth. My attorney fees, my time away from work, potential where I could have lost growth. [T]he mental anguish, I mean just in dealing with this whole deal.

Tr. Vol. II p. 80.

[5] On August 30, 2019, the small claims court entered a $6500.00 judgment in favor of Harrington. The small claims court made the following findings relevant to the question of damages:

> 14. Because [Harrington] suffered several lacerations on her face, paramedics were called and [Harrington] received medical treatment.
>
> 15. [Harrington] had to subsequently cancel several work appointments because of her injuries.
>
> 16. [Harrington] had several visits with physicians about the injuries to her face.

17. [Harrington]'s physicians indicate that there will be some permanent marks on her face in the form of scar tissue or loss of color.

18. [Harrington] incurred approximately $3000.00 in medical bills.

Appellant's App. Vol. II p. 10.

# Discussion and Decision

[6] We review a small claims court's judgment for clear error. *Bokori v. Martinoski*, 70 N.E.3d 441, 443 (Ind. Ct. App. 2017). A deferential standard of review is particularly important in small claims actions, where trials are informal with the sole objective of dispending speedy justice according to the rules of substantive law. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003). In conducting appellate review of a small claims court's findings and conclusions after a bench trial, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. *Estate of Henry v. Woods*, 77 N.E.3d 1200, 1204 (Ind. Ct. App. 2017). We neither reweigh the evidence nor assess witness credibility. *Id*.

# I. Liability

## A. Self-Defense

[7] In Indiana, a person is liable for the tort of battery if she acts intending to cause harmful or offensive contact to another person or an imminent apprehension of such contact and harmful contact occurs. *Mullins v. Parkview Hosp., Inc.*, 865 N.E.2d 608, 610 (Ind. 2007). "A touching, however slight, may constitute an assault and battery." *Knight v. Ind. Ins. Co.*, 871 N.E.2d 357, 362 (Ind. Ct. App.

2007).  Jessica does not deny that she scratched Harrington but contends, essentially, that the small claims court erred in not finding that she acted in self-defense.  Jessica points to her testimony that (1) Harrington intentionally bumped into her as she was bent over, causing her to lose balance, (2) she put her arm up because it appeared that Harrington was about to strike her, and (3) she struck Harrington after first being struck.  The small claims court, however, was under no obligation to credit Jessica's testimony that she acted in self-defense and did not.  Jessica's argument is nothing more than an invitation to reweigh the evidence, which we will not do.  *See Estate of Henry*, 77 N.E.3d at 1204.

## B.  Incurred Risk

[8] Jessica also argues that her liability should be mitigated because Harrington incurred the risk that Harrington might be injured.  "Incurred risk can be found as a matter of law only if the evidence is without conflict and the sole inference to be drawn is that the plaintiff knew and appreciated the danger caused by the defendant's negligence, but nevertheless accepted it voluntarily."  *Lilge v. Russell's Trailer Repair, Inc.*, 565 N.E.2d 1146, 1150–51 (Ind. Ct. App. 1991).  Jessica bases this argument, as she did her first, upon her testimony and seems to be arguing that Harrington should be assessed a greater portion of fault because of her testimony that Harrington was the initial aggressor.  At the very least, while it is true that the trial court found that Harrington bumped Jessica, it did *not* find that Harrington did so intentionally.  This argument, as with Jessica's first, is based on the notion that the small claims court was required to

credit her version of events, which it was not. We reject Jessica's second invitation to reweigh the evidence. *See Estate of Henry*, 77 N.E.3d at 1204.

## II. Damages

[9] Finally, Jessica argues that there is insufficient evidence to sustain the small claims court's award of $6500.00 in damages to Harrington. We disagree. Harrington testified that, as result of Jessica's battery, she incurred more than $3000.00 in medical bills, lost approximately $15,000.00 of bonus income, and suffered other losses, with the total coming to over $30,000.00. This testimony is certainly more than enough to sustain an award of $6500.00 in damages. *See Travelers Indem. Co. v. Armstrong*, 442 N.E.2d 349, 357 (Ind. 1982) ("[U]nder the evidence presented, the jury was at liberty to award as much as $10,000.00 […] or as little as $4,250.00[.] The [$8729.62] verdict was within the limits of the evidence and cannot be disturbed.").

[10] Jessica claims that the small claims court's award is partially based on a $3000.00 surgery that had not yet occurred at the time of trial and may never occur. To the extent that the small claims court's findings address medical expenses, however, they address only the medical expenses incurred by Harrington prior to trial. Jessica also suggests that any claims of damages without documentation cannot be awarded. Jessica does not cite to any authority for the proposition that testimony unsupported by documentation is insufficient to support an award of damages, and we are aware of none. Finally, Jessica points to some evidence that she claims tends to undercut Harrington's evidence as to damages. Even if we assume, *arguendo*, that Jessica

is correct that the evidence she identifies undercuts Harrington's, it was the small-claims court's job to evaluate the evidence, and we will not second-guess its conclusions in this regard.  *See Estate of Henry*, 77 N.E.3d at 1204.

[11]     We affirm the judgment of the small claims court.

Vaidik, C.J., and Riley, J., concur.