


FILED

Jul 18 2025, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Michael Parker,

*Appellant-Plaintiff*

v.

Indiana State Prison,

*Appellee-Defendant*

---

July 18, 2025

Court of Appeals Case No.
24A-SC-1197

Appeal from the LaPorte Superior Court

The Honorable John A. Link, Judge

Trial Court Cause No.
46D04-2312-SC-2013

---

**Opinion by Judge Pyle**
Judges Weissmann and Felix concur.

**Pyle, Judge.**

## Statement of the Case

Michael Parker ("Parker"), pro se, appeals the small claims court's judgment that found the Indiana State Prison ("the prison") liable for the loss of Parker's property but also found that Parker had not sufficiently proven his damages. Parker argues that the small claims court erred when it did not award him damages. Concluding that the small claims court clearly erred when it awarded Parker $0 for his lost items purchased through a prison vendor and the prison commissary but did not clearly err when it did not award Parker damages for his lost wedding band, we affirm in part, reverse in part, and remand with instructions.

We affirm in part, reverse in part, and remand with instructions.

## Issue

> Whether the small claims court clearly erred when it did not
> award Parker damages.

## Facts[1]

Parker is an inmate at the prison. In May 2022, prison staff moved Parker from his cell in the general population to administrative restrictive housing. As a result of that move, prison staff inventoried and stored some of Parker's

---

[1] We note that Parker failed to file an appendix on appeal in violation of Appellate Rule 50. However, the State filed an appendix along with its brief. All citations to the appendix are to the Appellee's appendix.

property. When Parker returned to a cell in the general population and the prison staff returned his inventoried belongings, Parker realized that some of his belongings were missing.

[4] Parker submitted a theft report, grievance, and a tort claim with the prison alleging that his items had been lost. Specifically, in his initial tort claim, Parker alleged that replacing his lost belongings would cost roughly $667.05. The prison found and returned some of Parker's belongings, but some belongings remained missing. In April 2023, Parker filed another tort claim. In his claim, Parker listed the specific items that he believed had been lost by prison staff and the value of each item. Parker calculated the total cost of the items to be $630.82. Parker's list included: (1) a wedding band valued at $499 and $34.93 in taxes; (2) three rolls of scotch tape valued at $10.65, $0.75 in taxes, and $19.95 in shipping costs; (3) a digital watch valued at $16.62; (4) paper plates valued at $2.31; (5) two picture tickets valued at $2.44; (6) a three-foot coax cable valued at $5.57; (7) a poncho valued at $5.04; (8) an eight-inch fan valued at $33.57; and (9) a craft card with no value listed. Parker determined the value of the wedding band based on the price that he stated he had paid for the item. It appears that the remainder of the items were calculated by Parker based on the replacement cost of the items if purchased from a prison vendor called NASCO and the prison commissary. Parker did not receive any relief from the prison based on his allegations that the prison had lost some of his personal property.

In December 2023, Parker, pro se, filed a notice of claim against the prison with the small claims court. In his notice of claim, Parker argued that the prison was negligent in storing his personal property and was liable for the loss of his personal property in the amount of $637.21. In January 2024, the small claims court ordered the case to be tried by affidavit. Parker filed his affidavit and supporting evidence in February 2024. Parker averred that the prison had lost his personal property when it had moved him to administrative restrictive housing. In his affidavit, Parker included his handwritten tort claim from April 2023. Thus, Parker's affidavit contained the same list of missing personal property with their replacement costs as stated above. In his affidavit, Parker also averred that he did not have a receipt for his wedding band because there had been "no reason" for Parker to have brought "a receipt to prison for it[.]" (App. Vol. 2 at 22). Parker further averred that aside from the wedding band and the scotch tape, all of his remaining missing items had been "purchased through the ISP commissary and while [he] had [his] commissary receipts, they were apparently thrown away" when his property had been packed up and inventoried. (App. Vol. 2 at 22). Parker averred that the prison should have records of these purchases.

The State filed its affidavit and supporting evidence in April 2024. In its affidavit, the State focused its arguments on the liability issue. The State argued that Parker had failed to prove "the legal standards for negligence . . . or any other legal theory." (App. Vol. 2 at 74-75). The State further argued that

Parker had "failed to meet his burden of proof" for his damages because his damages were based on "speculation or conjecture." (App. Vol. 2 at 74).

[7] Parker filed a rebuttal to the State's affidavit and supporting evidence. In his rebuttal, Parker conceded that he had no receipt for his wedding band. Parker also acknowledged that he had no commissary receipts for his other items because those receipts were likely discarded when the prison staff inventoried his property for storage. Parker included with his rebuttal a receipt from NASCO showing the cost of the three rolls of scotch tape. The receipt was dated approximately four months before the prison staff had inventoried and stored Parker's personal property.

[8] In May 2024, the small claims court issued an order finding the prison liable to Parker for the loss of his personal property and finding that Parker had not sufficiently proven his damages. The small claims court noted that replacement costs were not appropriate for damages of lost personal property. The small claims court further noted that Parker had "only provided replacement costs for his lost or stolen property and [had] failed to provide any proof of the fair market value of his lost or stolen property." (App. Vol. 2 at 106).

[9] Parker now appeals.

## Decision

[10] At the outset, we note that Parker has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans.*

*denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.*

[11] Parker argues that the small claims court erred when it found that he had not sufficiently proven his damages. Judgments in small claims actions are "'subject to review as prescribed by relevant Indiana rules and statutes. '" *Hetty Incorporated v. Weems*, 237 N.E.3d 701, 704 (Ind. Ct. App. 2024) (quoting Ind. Small Claims Rule 11(A)), *reh'g denied*. "We review facts from a bench trial under the clearly erroneous standard." *Hetty*, 237 N.E.3d at 704 (cleaned up). "The small claims court is the sole judge of the evidence and the credibility of witnesses, and on appeal we neither reweigh the evidence nor assess the credibility of the witnesses." *Heartland Crossing Found., Inc. v. Dotlich*, 976 N.E.2d 760, 762 (Ind. Ct. App. 2012).

[12] "This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting." *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 689 (Ind. Ct. App. 2012). Although the method of proof may be informal, the party bearing the burden of proof must demonstrate that he is entitled to the recovery sought. *Spainhower v. Smart & Kessler, LLC*, 176 N.E.3d 258, 263 (Ind. Ct. App. 2021), *reh'g denied*, *trans. denied*.

[13] The crux of Parker's argument is that he had sufficiently proven his damages for his lost personal property and thus, the small claims court had clearly erred

when it found that he was not entitled to damages. "'It is a well-established principle that damages are awarded to fairly and adequately compensate an injured party for h[is] loss, and *the proper measure of damages must be flexible enough to fit the circumstances.* '" *Bokori v. Martinoski*, 70 N.E.3d 441, 444 (Ind. Ct. App. 2017) (quoting *Bader v. Johnson*, 732 N.E.2d 1212, 1220 (Ind. 2000)) (emphasis added). "In tort actions generally, all damages directly related to the wrong and arising without an intervening agency are recoverable." *Bader*, 732 N.E.2d at 1220.

[14]    "The general rule is that a plaintiff's compensatory damages for property destroyed by a tortfeasor shall be the fair market value of the property at the time of loss." *Bokori*, 70 N.E.3d at 444. "Fair market value is defined as the value a willing seller will accept from a willing buyer for a good." *Id.* "Evidence of fair market value may include the plaintiff's testimony, the price paid upon purchase, testimony from skilled witnesses, and other competent forms of evidence." *Id.* A plaintiff must bear the burden of proving the fair market value of the property. *Campins v. Capels*, 461 N.E.2d 712, 719 (Ind. Ct. App. 1984). "We note that a factfinder may not award damages on the mere basis of conjecture or speculation." *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002).

[15]    Here, the small claims court found that the prison was liable for the loss of Parker's personal property. But, the small claims court awarded no damages to Parker because he had provided replacement costs for his lost personal property and did not provide fair market value for his personal property. We believe that

the small claims court applied the general rule for damages of lost personal property too narrowly here.

[16] As stated above, evidence of fair market value can be shown through, among other options, the plaintiff's testimony, purchase price, and other competent forms of evidence. *Bokori*, 70 N.E.3d at 444. Here, Parker's affidavit showed that the values he had listed for his lost personal property, with the exception of the wedding band, were replacement costs. Parker's affidavit noted that these replacement costs were based on the cost of the items if purchased from the NASCO vendor and from the prison's commissary. Additionally, Parker included a receipt from NASCO that showed the cost of the scotch tape four months before his property had been inventoried by the prison staff. In these circumstances, the fair market value, the price a willing seller would sell to a willing buyer, may be limited to the costs of items sold by NASCO or the prison commissary. "A plaintiff should not receive a recovery that constitutes a windfall[,]" *see id.*, and in this case, Parker receiving the replacement cost of his lost property would not constitute a windfall. Given that the measure of damages should be "flexible enough to fit the circumstances[,]" *see id.*, we hold that the small claims court clearly erred when it had awarded Parker $0 in damages. Thus, we remand with instructions to the small claims court to enter a damages amount representing the fair market value of the lost personal property based on the replacement cost of these items if purchased from NASCO or the prison commissary.

[17] Turning to the wedding band, Parker's affidavit asserted that the purchase price of the item was $499. On appeal, Parker cites to the *Campins* case for the proposition that, for an item that was "unique or possessed qualities, the special nature of which could only be appreciated by the owner[,]" the trial court could consider elements such as "cost of replacement, original cost[,] and cost to reproduce[.]" *Campins*, 461 N.E.2d at 721. But, *Campins* is distinguishable.

[18] In *Campins*, the plaintiff sued for damages after the loss of three championship rings awarded to plaintiff for winning three distinct automobile competitions. The rings were customized to the winners of the competitions, and they bore engravings of the recipient's name, type of achievement, and the year of the achievement. The rings also bore the emblem of the United States Auto Club. A different ring was made each year for competition winners and these rings could not be purchased in the free market. The plaintiff also testified that the price of gold had doubled since the rings had been made. The plaintiff testified that he, several years earlier, had purchased a duplicate ring for a business associate for $349. However, the plaintiff also testified that he would not sell the rings, even for $1,500 or $2,000 each. These facts were testified to at length by the plaintiff in the *Campins* case. The *Campins* Court, on appeal, awarded the plaintiff $750 for each destroyed ring, a value higher than the ring's fair market value. *Id.* at 722. In doing so, the *Campins* Court acknowledged the substantial evidence regarding the replacement value of the rings, the increase in the price of gold, and the plaintiff's sentimental feeling attached to the rings. *Id.*

In contrast, the only information the small claims court had here was Parker's affidavit claiming that he had purchased his wedding band for $499. Parker's wedding band is distinguishable from the championship rings in *Campins due to the lack of evidence regarding the value of Parker's wedding band*. *See id.* at 721 (noting that "a wide range of evidence" such as cost of replacement, original cost, cost to reproduce, and sentimental value would "give[] the trier of fact sufficient latitude to intelligently determine the amount of damages"). Here, Parker's range of evidence is insufficient. While we recognize the particular difficulties an incarcerated individual faces in gathering evidence of this type from a prison cell, the burden still rests upon the plaintiff and we are not persuaded to carve out an exception on these facts. Thus, the trial court did not clearly err when it did not award Parker damages to replace his wedding band.

Affirmed in part, reversed in part, and remanded with instructions.

Weissmann, J., and Felix, J., concur.

APPELLANT, PRO SE

Michael Parker
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Evan Matthew Comer
Supervising Deputy Attorney General
Indianapolis, Indiana